313 So.2d 675 (1975)
Daniel Wilbur GARDNER, Appellant,
v.
STATE of Florida, Appellee.
No. 45106.
Supreme Court of Florida.
February 26, 1975.
James A. Gardner, Public Defender, and Charles H. Livingston, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
PER CURIAM.
This cause is before us on direct appeal from a conviction of murder in the first *676 degree, and a sentence of death imposed upon appellant in the Circuit Court in and for Citrus County. We have jurisdiction pursuant to Article V, Section 3(b) (1), Constitution of Florida (1973).
On August 22, 1973, the Grand Jury of Citrus County returned an indictment against defendant charging him with first degree murder in that he on June 30, 1973, in Citrus County did unlawfully and from a premeditated design kill Bertha Mae Gardner, a human being, by striking her with a blunt instrument and did inflict in and upon the body of Bertha Mae Gardner a mortal wound from which she died.
After trial, the jury returned a verdict of guilty as charged in the indictment. After a post-conviction sentence advisory hearing, the jury returned an advisory sentence recommending that a life sentence be imposed. The trial judge adjudicated defendant guilty. After carefully considering and weighing all the evidence presented during the trial and sentencing proceedings, the trial judge, pursuant to the safeguards afforded by Section 921.141, Florida Statutes, entered written detailed findings of fact in support of the death penalty specifically stating as follows:
"[T]he undersigned concludes and determines that aggravating circumstances exist, to-wit: The capital felony was especially heinous, atrocious or cruel; and that such aggravating circumstances outweighs the mitigating circumstances, to-wit: none; and based upon the records of such trial and sentencing proceedings makes the following findings of facts, to-wit:
"1. That the victim died as a result of especially heinous, atrocious and cruel acts committed by the defendant, the nature and extent of which are reflected by the testimony of Dr. William H. Shutze, District Medical Examiner of the Fifth Judicial Circuit of the State of Florida, as follows:
"(a) At least one hundred bruises upon her head, both eyes, nose, abdomen, arms, both breasts, chest, back, thighs and legs.
"(b) Large patches of healthy hair pulled from her head as a result of her hair being grabbed, leaving bald spots.
"(c) Abrasions, bruises and contusions to the head as a result of her hair being grabbed and her head pushed against the wall or floor.
"(d) Massive hemorrhage of the scalp, small hemorrhages under the covering of the brain, and contusions of the nose.
"(e) Massive hemorrhage of the pubic area, including the inner surfaces of the thigh and the labia of the vulva.
"(f) Bruised and swollen external genitalia.
"(g) Hemorrhage in and around the right adrenal gland and right kidney.
"(h) A large laceration on the perineum extending from the posterior part of the vagina toward the anus.
"(i) Large tears inside the vagina from the outside entrance all the way to the back as far as it could go, caused by a broom stick, bat or bottle.
"(j) A large laceration or tear of the entire right side of the liver.
"(k) The peritoneal cavity or bone located in the pubic area in the lower part of the body, was broken up into small pieces by blunt injury such as being stomped on.
and based thereon concludes that the death sentence should be imposed upon said defendant."
We have listened carefully to oral argument, examined and considered the record in light of the assignments of error and briefs filed and we have also, pursuant to Rule 6.16(b), Florida Appellate Rules, reviewed the evidence to determine whether the interests of justice require a new trial, *677 with the result that we find no reversible error is made to appear and the evidence in the record before us does not reveal that the ends of justice require that a new trial be awarded.
Upon considering all the mitigating and aggravating circumstances and careful review of the entire record in the cause, the trial court imposed the death penalty for the commission of the afore-described atrocious and heinous crime.
Accordingly, the judgment and sentence of the Circuit Court are hereby affirmed.
It is so ordered.
ADKINS, C.J., and ROBERTS, McCAIN, DEKLE and OVERTON, JJ., concur.
ERVIN (Retired), J., concurs in part and dissents in part with opinion with which BOYD, J., concurs.
ERVIN (Retired), Justice (concurring in part, and dissenting in part):
Appellant attacks the constitutionality of the death penalty as re-enacted in Florida in the wake of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), a decision whose ultimate impact remains to be seen. As previously expressed in my dissenting opinions in State v. Dixon (Fla. 1973), 283 So.2d 1, and Spinkellink v. State, 313 So.2d 666, I have weighed Florida's new death penalty statutes, Sections 921.141, 782.04, and 775.082, F.S., in the light of Furman and I find them constitutionally wanting.
My views of our present death penalty statutes are no less strong in this case than in those previously decided or yet to be decided thereunder; however, for fear of being unduly repetitious with the same futility as before, I forego revisiting the constitutional issue but hold the belief that ultimately higher judicial authority will find the statutes unconstitutional prior to execution of this and other death sentences similarly imposed.
As required by Rule 6.16(b), F.A.R., I have reviewed the record below in its entirety and, notwithstanding my position with respect to the constitutionality of our death penalty statutes, I am compelled to conclude that Appellant's sentence should be commuted by this Court to life imprisonment on other grounds. The essential facts of the case are not disputed by the parties; however, they take issue with their application in determining Appellant's sentence.
Appellant first contends the trial judge erred in considering a presentence investigation report containing matter not properly admissible as aggravating circumstances specified in Section 921.141(6).[1] The record shows that prior to imposing sentence upon Appellant the trial judge ordered a presentence investigation report pursuant to Rule 3.710, Cr.P.R. Appellant argues that in considering the PSI report the trial judge vitiated the sentence by taking the process out of the bounds of Section 921.141, more specifically that Section 921.141 limits the judge to consideration of the aggravating circumstances therein enumerated and that the PSI report included matters which were detrimental to Appellant yet were not among the aggravating circumstances in the statute.
Appellant attacks the portions of the PSI report pertaining to prior arrests and *678 convictions and court officials' statements. The prior arrests and convictions section included arrests over a ten-year period, none of which resulted in a conviction "of another capital felony or of a felony involving the use or threat of violence to the person," an aggravating circumstance provided in Section 921.141(6)(b). The court officials' statements section contained the following entry:
"Law enforcement authorities are quite strong in their opinion of the subject, they consider the subject a menace to society. They feel he should not be let to roam the streets for what he did to his wife. They stated that the subject had a long line of assault charges on his wife, that should be taken into count [sic] about this subject."
Neither is such opinion one of the aggravating circumstances specified in Section 921.141(6).
While questioning the admissibility of such matters for purposes of sentencing, I recognize the statute provides that:
"[E]vidence may be presented as to any matter that the court deems relevant to sentence, and shall include matters relating to any of the aggravating or mitigating circumstances enumerated in subsections (6) and (7) of this section."
It is, however, logically inconsistent to allow the trial judge to consider such extraneous matters as those related above which are clearly not aggravating or mitigating circumstances expressly enumerated in the statute, in effect re-introducing the element of discretion in the trial judge which was abhorrent to a majority of the United States Supreme Court in Furman and which a majority of this Court saw barred by the operation of Section 921.141 in Dixon.
Appellee argues contrarily that PSI reports including such extraneous evidence must be admissible in order to inform the trial judge as to aggravating circumstances expressly included in the statute; but I cannot agree that such a broad rule is necessary to accomplish so limited an objective. Clearly, to me, the state could limit itself to showing by other less prejudicial means prior felony convictions alone, if any, which constitute an aggravating circumstance under the statute. And, I might add, the burden is upon the state to adduce such limited evidence or it may be presumed by the trial judge that no aggravating circumstances exist which are not otherwise apparent from the trial or sentencing hearing.
Additionally, it appears from the record that there was a "confidential" portion of the PSI report made available to the trial judge which was not provided to either Appellant or `Appellee. In fact, it is unclear from the record whether this Court has been provided the "confidential" portion thereof for our review, a critical final step between conviction and imposition of the death penalty  one of the safeguards outlined in Dixon. What evidence or opinion was contained in the "confidential" portion of the report is purely conjectural and absolutely unknown to and therefore unrebuttable by Appellant. We have no means of determining on review what role such "confidential" information played in the trial judge's sentence, and thus I would overturn Appellant's death sentence on the basis of this fundamental error alone.
Second, Appellant urges, and I agree, that the trial judge erred in failing to find a mitigating circumstance based upon Appellant's impaired mental state at the time of the crime induced by an unusually large amount of alcohol. The record shows uncontroverted evidence that Appellant had been drinking virtually all day and all night prior to killing his wife at some time after midnight. Section 921.141(7) (f) provides as a mitigating circumstance that "[t]he capacity of the defendant to appreciate the criminality of his conduct or to *679 conform his conduct to the requirements of the law was substantially impaired." In Dixon this Court said:
"Mental disturbance which interferes with but does not obviate the defendant's knowledge of right and wrong may also be considered as a mitigating circumstance. Fla. Stat. § 921.141(7)(f), F.S.A. Like subsection (b), this circumstance is provided to protect that person who, while legally answerable for his actions, may be deserving of some mitigation of sentence because of his mental state." 283 So.2d at 10.
With respect to this factor in mitigation, it is especially relevant that one of the psychiatrists ordered by the trial court to examine Appellant found:
"... It is also my medical opinion had he not been under the influence of alcohol at the time of the alleged crime, he would have been competent, knowing right from wrong and being capable of adhering to the right. It is my medical opinion the prisoner is an alcoholic ..." (Emphasis supplied.)
The only other court-appointed psychiatrist concurred in this finding in substantially similar language. It is my medical layman's understanding that the more enlightened perspective on alcoholism is that it is no longer considered simply an emotional weakness but rather a form of disease which, like other physical and mental ailments, can cause aberrant behavior and requires treatment. I have never found one's mental condition attributable to alcohol a sufficient legal excuse for a criminal act; however, based on the facts of this case, including the foregoing medical evidence, I consider it a mitigating circumstance under the statute to be considered together with and weighed against any aggravating circumstances. Furthermore, Appellant's conduct subsequent to the murder  including falling asleep with his wife's dead body, seeking his mother-in-law's help the next morning because his wife did not appear to be breathing properly, his failure to attempt to escape and his apparent remorse the next morning upon learning his wife was dead  is consistent with his temporary mental impairment at the time of the crime as a mitigating circumstance.
This was a crime of passion in a marital setting in which the excessive use of alcohol was a material factor resulting in the homicide. As I read our statutes, this type of crime does not merit the death penalty because the discretion exercised to impose that penalty here extends beyond the discretion the statutes repose in governmental officials for such purpose. I do not believe that the statutes contemplate that a crime of this nature is intended to be included in the heinous category warranting the death penalty. A drunken spree in which one of the spouses is killed traditionally has not resulted in the death penalty in this state. There may, of course, be situations where murder of one's spouse would warrant the death penalty pursuant to the statutes, especially where there is a calculated design and premeditation to rid one of his or her spouse; but this case involving a crime of passion in a drunken spree hardly appears covered by the statutes.
For the reasons stated and the fact that this case will stand as a basis of comparison for future sentences under our new death penalty statutes, I fear the trial judge and this Court have erred in the instant circumstances in sentencing Appellant to death. Accordingly, I would affirm Appellant's conviction and vacate Appellant's sentence of death with directions to impose a sentence of life imprisonment in accordance with the recommendation of the jury.
BOYD, J., concurs.
NOTES
[1] I note that Chapter 72-724, Laws of Florida, amending § 921.141, F.S., provided for 7 subsections including (6) Aggravating circumstances and (7) Mitigating circumstances. However, § 921.141, F.S. (1973), contains only 6 subsections including (5) Aggravating circumstances and (6) Mitigating circumstances, but retains references in subsections (1) and (3) (b) to subsections (6) Aggravating circumstances and (7) Mitigating circumstances. References thereto in my opinion assume the correctness of Chapter 72-724 and the incorrectness of § 921.141 as printed.