332 So.2d 117 (1976)
Leo R. McCORMACK, Appellant,
v.
STATE of Florida, Appellee.
No. Y-295.
District Court of Appeal of Florida, First District.
May 24, 1976.
Richard W. Ervin, III, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
*118 McCORD, Judge.
Appellant was indicted for first degree murder and pled guilty to second degree murder. At sentencing he moved for a continuance and asked that the confidential portion of the presentence investigation report of the Florida Parole and Probation Commission be disclosed to him. This motion was based upon his stated belief that important factual background was either omitted entirely from the report or was improperly included in the confidential portion thereof.
Rule 3.713, F.R.Cr.P., states as follows:
"(a) The trial judge may disclose any of the contents of the presentence investigation to the parties prior to sentencing. Any information so disclosed to one party shall be disclosed to the opposing party.
(b) The trial judge shall disclose all factual material, including but not limited to the defendant's education, prior occupation, prior arrests, prior convictions, military service and the like, to the defendant and the State a reasonable time prior to sentencing. If any physical or mental evaluations of the defendant have been made and are to be considered for the purposes of sentencing or release, such reports shall be disclosed to counsel for both parties.
(c) Upon motion of the defendant or the prosecutor or on its own motion, the sentencing Court may order the defendant to submit to a mental or physical examination which would be relevant to the sentencing decision. Copies of such examination or any other examination to be considered for the purpose of sentencing shall be disclosed to counsel for the parties subject to the limitation of Rule 1.713(b)."
The intent of the foregoing rule is further clarified by the Committee Note which states as follows:
"This rule represents a compromise between the philosophy that presentence investigations should be fully disclosed to a defendant and the objection that such disclosure would dry up sources of confidential information and render such report virtually useless. (a) gives the trial judge discretion to disclose any or all of the report to the parties. (b) makes mandatory the disclosure of factual and physical and mental evaluation material only. In this way, it is left to the discretion of the trial judge to disclose to a defendant or his counsel any other evaluative material. The Judicial discretion should amply protect the confidentiality of those sources who do not wish to be disclosed, while the availability of all factual material to the defendant will permit him to discover and make known to the sentencing court any errors which may appear in the report."
At sentencing the trial judge indicated that appellant's statement of his version of the shooting, which he made to the probation supervisor, was included in the confidential portion of the report and that other background information was included. In mitigation before sentence, the trial court heard appellant and a number of witnesses presented by him. The only question raised on this appeal is whether or not the trial judge committed error in not releasing the confidential part of the report to the appellant.
Pursuant to a previous order entered by this court, we have examined the presentence investigation report in camera in its entirety. While we consider that the Florida Probation and Parole Commission should have included in the non-confidential portion of its report all of the statement of appellant made to the parole supervisor had appellant indicated that he desired the release of same, we cannot say that such statement and the other material contained in the confidential portion of the report constituted factual material within *119 the contemplation of Rule 3.713, F.R.Cr.P. We, therefore, find that the trial judge did not abuse his discretion in not releasing same.
AFFIRMED.
RAWLS, Acting C.J., and SMITH, J., concur.