SCHEB, Judge.
Appellant pled nolo contendere and was adjudicated guilty of robbery. He was sentenced to thirty years in prison with credit for time served awaiting disposition of his case. On appeal the only point which merits discussion concerns refusal of the trial court to disclose certain information from the presentence investigation (PSI) report considered by the trial judge before sentencing.
Presentence investigative disclosure is governed by Fla.R.Crim.P. 3.713, which provides:
(a) The trial judge may disclose any of the contents of the presentence investigation to the parties prior to sentencing. Any information so disclosed to one party shall be disclosed to the opposing party.
(b) The trial judge shall disclose all factual material, including but not limited to the defendant’s education, prior occupation, prior arrests, prior convictions, military service and the like, to the defendant and the State a reasonable time prior to sentencing. If any physical or mental evaluations of the defendant have been made and are to be considered for the purposes of sentencing or release, such reports shall be disclosed to counsel for both parties.
(c) Upon motion of the defendant or the prosecutor or on its own motion, the sentencing Court may order the defendant to submit to a mental or physical examination which would be relevant to the sentencing decision. Copies of such examination or any other examination to be considered for the purpose of sentencing shall be disclosed to counsel for the parties subject to the limitation of Rule 1.713(b).
Here, that portion of the PSI denominated as “factual” was disclosed to the parties pursuant to Subsection (b). Appellant’s counsel suspected some juvenile records on appellant may have been included in the part of the PSI denominated as “confidential.” On this basis, appellant moved for disclosure of the confidential portion of the report. The trial judge denied the motion.
We have reviewed the presentence investigation report as prepared by the Parole and Probation Commission and considered by the trial court prior to sentencing. Some factual information, the disclosure of which is mandated by Subsection (b) of the Rule, was included in the “confidential” portion of that report. Specifically, information pertaining to appellant’s juvenile record, disciplinary actions taken against him by the military, and the mental examinations administered to appellant constituted factual information, the disclosure of which was required.
Accordingly, the judgment of conviction is affirmed, but the sentence is vacated. The case is remanded for resentencing after disclosure to appellant of the factual information herein designated from the presen-tence investigation report.
BOARDMAN, C. J., and GRIMES, J., concur.