348 So.2d 1189 (1977)
Peter A. LEVIN, Appellant,
v.
STATE of Florida, Appellee.
No. 76-428.
District Court of Appeal of Florida, Fourth District.
July 15, 1977.
Richard L. Jorandby, Public Defender, and Henry Prettyman, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant seeks reversal of his judgment of conviction and sentence on two theories: (a) the refusal of the trial court to allow appellant to view the confidential portion of the presentence investigation report, and (b) the refusal of the trial court to give appellant credit on his sentence for time spent in the Florida State Hospital prior to sentencing. We affirm.
I. Fla.R.Crim.P. 3.713 and the Committee Note thereunder make it clear that revelation of the confidential portion of a PSI report which is not factual or which contains no physical or mental evaluation material is discretionary. This court in Campbell v. State, 342 So.2d 1010 (Fla. 4th DCA 1977), and the First District Court of Appeal in McCormack v. State, 332 So.2d 117 (Fla. 1st DCA 1976), have so construed that rule.
*1190 The Supreme Court of the United States in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), in a plurality decision, stated that due process required revelation to a defendant of the confidential portions of the PSI report if it is the basis, at least in part, for a death sentence. However, in disposing of the State's argument that the confidential portions of the PSI report should be kept confidential because divulging those portions thereof will occasionally disrupt the process of rehabilitation, the court pointed out:
"The argument, if valid, would hardly justify withholding the report from defense counsel. Moreover, whatever force that argument may have in noncapital cases, it has absolutely no merit in a case in which the judge has decided to sentence the defendant to death. Indeed, the extinction of all possibility of rehabilitation is one of the aspects of the death sentence that makes it different in kind from any other sentence a State may legitimately impose." 430 U.S. at 360, 97 S.Ct. at 1206.
Thus, until the Supreme Court of Florida or the Supreme Court of the United States holds that the confidential portions of a PSI report be revealed to a defendant in a noncapital case, we are constrained to follow our previous ruling on this question.
II. Appellant was charged with violating the Child Molester Law. After pleading guilty, sentence was withheld and appellant was admitted to the Florida State Hospital for approximately six months. Thereafter, he was sentenced to three years imprisonment with credit for three hundred days spent in the County Jail. However, appellant complains because the trial court did not also give him credit for the time he spent in the Florida State Hospital. This complaint is devoid of merit because the statute mandating credit for time served specifically provides for "credit for all of the time he spent in the county jail before sentence." Section 921.161, Florida Statutes (1975).
In view of the foregoing the judgment and sentence appealed from are affirmed.
AFFIRMED.
MAGER, C.J., and ANSTEAD, J., concur.