368 So.2d 950 (1979)
Terry Eugene DICKENS, Appellant,
v.
STATE of Florida, Appellee.
No. LL-104.
District Court of Appeal of Florida, First District.
March 23, 1979.
*951 Michael J. Minerva, Public Defender, and Randolph Murrell, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Charles A. Stampelos, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant contends that it was improper for the trial court to sentence him without informing him of all factual matters in the pre-sentence investigation (PSI) report and it was error for the trial court to consider his juvenile record in sentencing him. We agree as to the first point and vacate the sentence and remand for resentencing.
During appellant's sentencing hearing the trial judge asked him, "You were involved with the juvenile authorities quite a bit, weren't you?" Though part of the PSI had been made available prior to the hearing, there was no mention of appellant's juvenile record in that portion. Because of the question, appellant suspected there was undisclosed factual material and entered this appeal.
Rule 3.713(b), Fla.R.Cr.P., provides in relevant part:
"The trial judge shall disclose all factual material, including but not limited to the defendant's education, prior occupation, prior arrests, prior convictions, military service and the like, to the defendant and the State a reasonable time prior to sentencing."
The PSI has been made available to this court as part of the record of this case and our review of the confidential portion reveals that the rule was not complied with.
While appellant has emphasized in this appeal the possibility of the presence of factual information relating to his juvenile record, we note that there is other factual information which he did not directly contest, perhaps because he did not know about it. The other information includes alleged admissions by appellant of arrests in other jurisdictions as well as further information about the current status of a prior offense which was listed in the nonconfidential portion of the PSI. Under the rule this information, and all other factual information in the PSI, must be revealed to both the defendant and the state a reasonable time prior to sentencing. Bronson v. State, 345 So.2d 872 (Fla. 2d DCA 1977); Campbell v. State, 342 So.2d 1010 (Fla. 4th DCA 1977); Cunningham v. State, 349 So.2d 702 (Fla. 4th DCA 1977). We hereby admonish the Department of Offender Rehabilitation to include all factual information in the nonconfidential portion of the PSI.
Appellant's second point, that it was error for the trial court to consider his juvenile record in sentencing, has already been rejected by this court. Bell v. State, 365 So.2d 463 (Fla. 1st DCA 1978). The error by the trial court was not in considering the juvenile record, but in not disclosing it. Bronson v. State, supra. Implicit in Bell v. State, supra, is the holding that the juvenile record, otherwise confidential under Section 39.12, Florida Statutes (1977), is available to the Department of Offender Rehabilitation for preparation of the PSI. The inclusion of this information in the nonconfidential portion of the PSI will still *952 maintain its overall confidentiality since the PSI is revealed only to the defendant, officers of the court, and persons or agencies with a legitimate professional interest in the information. Rule 3.712, Fla.R.Crim.P.
Accordingly, the judgment is affirmed but the sentence is vacated and the cause remanded for resentencing with directions that all factual material contained in the PSI be disclosed a reasonable time prior to resentencing.
McCORD, C.J., and MELVIN and BOOTH, JJ., concur.