DOWNEY, Chief Judge.
ON PETITION FOR REHEARING
Appellant was sentenced to three years probation with a special condition that she participate in a drug rehabilitation program as directed by her probation supervisor. Later, appellant violated her probation and was sentenced to five years imprisonment with credit for one hundred three (103) days time previously served. No credit was allowed appellant for the time spent in the drug rehabilitation program. The propriety of the court’s denial of her motion to vacate and set aside her sentence because of the failure to allow her credit for the time spent in the drug rehabilitation program was the sole question presented on appeal. We affirmed that decision without opinion.
On petition for rehearing it is suggested that we should state our reasons for affirming because the Second District Court of Appeal in two cases[1] has held to the contrary on the same point of law. We would respond by suggesting that the judges were of one mind and the question involved was so clear that an extended discussion of the issue was not warranted. In that posture this case seemed a classic for a per curiam affirmed decision without opinion. Newmons v. Lake Worth Drainage District, 87 So.2d 49 (Fla.1956). This should particularly have been obvious to appellant from our holding in Levin v. State, 348 So.2d 1189 (Fla. 4th DCA 1977), wherein we held that time spent in the state mental hospital was not to be credited upon appellant’s sentence because the statute mandating credit[2] refers only to “credit for all of the time he spent in the county jail before sentence.” Thus, it is clear we do not agree with the two Second District cases cited by appellant.
Accordingly, the Petition for Rehearing is DENIED.
LETTS and MOORE, JJ., concur.

. Graham v. State, 366 So.2d 498 (Fla. 2d DCA 1979); Johnson v. State, 334 So.2d 334 (Fla. 2d DCA 1976).

. Sec. 921.161, Florida Statutes (1975).