396 So.2d 1130 (1981)
Jerry Joe NELSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 57371.
Supreme Court of Florida.
April 2, 1981.
John D. Fernandez, Clearwater, for petitioner.
Jim Smith, Atty. Gen., and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
This cause having heretofore been submitted to the Court on jurisdictional briefs and portions of the record deemed necessary to reflect jurisdiction under Fla.R. App.P. 9.120, and it appearing to the Court that it is without jurisdiction, it is ordered that certiorari is denied. Fla.App., 372 So.2d 949; Fla.App., 373 So.2d 468.
No Motion for Rehearing will be entertained by the Court. See Fla.R.App.P. 9.330(d).
SUNDBERG, C.J., and ADKINS, OVERTON and ENGLAND, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
I dissent from the denial of certiorari. The petitioner clearly raised the issue of the trial court's reliance in part on the confidential section of a presentence investigation report. He requested access to the entire report and objected to being sentenced without opportunity to respond to the factual material in the confidential section. The trial judge refused to furnish petitioner with the confidential report. He also declined to disclose the factual material therein, thus violating Florida Rule of Criminal Procedure 3.713(b). The district court's affirmance, Nelson v. State, 373 So.2d 468 (Fla.2d DCA 1979), created conflict with Bronson v. State, 345 So.2d 872 (Fla.2d DCA 1977), and Campbell v. State, 342 So.2d 1010 (Fla. 4th DCA 1977). Therefore, we have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
On the merits, I would hold that the trial judge should have furnished the entire presentence investigation report to the petitioner. The disclosure of all factual material relied upon in making the decision on sentencing a person convicted of a crime is not merely commanded by our rule of procedure but should be considered a requirement of due process. When a trial court is performing the discretionary function of deciding what kind of criminal punishment to impose on an offender, the need for reliability outweighs the state's interest in confidentiality. The offender should be furnished with all factual material relied upon far enough in advance of sentencing to allow him to rebut, explain, or deny the factual matters in question.
I would adopt for Florida this expanded view of the principles of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), and hold that due process requires full disclosure.
*1131 In Gardner v. State, 313 So.2d 675 (Fla. 1975), I joined Justice Richard Ervin in a dissenting opinion which maintained that due process of law under the United States and Florida constitutions requires that persons being sentenced for a capital offense in Florida must have an opportunity to examine and rebut any statements contained in their presentence investigation reports. Our view was adopted on review by the United States Supreme Court. Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977).
In Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), it was held that due process of law requires the appointment of counsel for indigents accused of crimes punishable by death. In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the United States Supreme Court went a step further and held that the fourteenth amendment due process clause, incorporating the fundamental features of the sixth amendment right to counsel and applying them to the states, requires that indigents accused of major crimes be provided counsel at public expense.
In State ex rel. Argersinger v. Hamlin, 236 So.2d 442 (Fla. 1970), I authored a partially dissenting opinion which was joined by Justices Ervin and Adkins. We expressed the view that the right of accused indigents to appointed counsel should not be limited to felony cases. On review, the United States Supreme Court agreed with our dissenting view and extended the right of counsel for indigents to all persons facing charges that might result in loss of liberty regardless of the possible term of imprisonment. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).
Just as the principle of Powell v. Alabama was extended in Gideon, and later expanded to include misdemeanants in Argersinger, the protection against arbitrariness afforded by the Gardner decision should be extended to all persons being sentenced. If a presentence investigation is done, the convicted person should be given access to all matters it reveals.
The sixth amendment to the United States Constitution as applied to the states by the fourteenth requires that in all criminal prosecutions the accused must have the right to be confronted with the witnesses against him. Article I, section 16 of the Florida Constitution guarantees the accused the right "to confront at trial adverse witnesses." These guaranties should be construed to include sentencing.
Punishment for crime is a matter of substantive law. State Dept. of Health and Rehabilitative Services v. Golden, 350 So.2d 344 (Fla. 1976). When a judge is exercising discretion in sentencing a person within statutory maximum and minimum limits, the standards he uses, wherever he may find them, are substantive guidelines.
It has long been recognized that accused persons have a constitutional right to confront witnesses testifying against them in court to refute their testimony. The same right exists to see and respond to statements in presentence investigation reports. Evidence offered at trial may cause conviction, but often it is the secret statements of unidentified informants which determine whether a convicted person will face incarceration, fine or probation. Denial of the timely examination of all presentence reports is a clear violation of a constitutional right, although such practice has long existed in America.
Fair trials and equal protection of law are essential to the existence of democratic government. Mankind's unending search for liberty and justice is more fully protected by the federal and state constitutions than any other documents in the history of the world. Whenever one stands at the bar of justice facing possible death, imprisonment, or fine, constitutional rights are his only protection from arbitrary government. Courts must be vigilant in their duty to safeguard constitutional rights for all of the people under all circumstances.
I respectfully dissent.