405 So.2d 294 (1981)
STATE of Florida, Appellant,
v.
Julie Ann FERGUSON, Appellee.
No. 80-165.
District Court of Appeal of Florida, Fourth District.
November 4, 1981.
*295 David H. Bludworth, State's Atty., and Joseph L. Ackerman, Jr., Asst. State's Atty., West Palm Beach, for appellant.
Gregory L. Scott, West Palm Beach, for appellee.
MOORE, Judge.
The State appeals from the trial court's order suppressing certain statements made by the appellee during an investigation of an automobile accident which resulted in a fatality. The appellee cross-appeals from the trial court's refusal to suppress the results of a breathalyzer test given to her during the investigation.
The appellee was charged by information with vehicular homicide and leaving the scene of an accident involving death or personal injuries. The sole question on appeal is whether Section 316.066(4), Florida Statutes (1979) prohibits introduction in a criminal trial of statements made by an alleged hit and run driver to investigating police officers. We hold that the statute is not applicable to the facts of this case and that the trial court erred in suppressing the statements.
On July 19, 1979, an automobile accident occurred between a pickup truck and a fourteen year old bicyclist who received fatal injuries. The pickup truck, allegedly driven by the appellee, immediately left the scene of the accident. Investigation of the accident led police officers to believe that the appellee was the driver and sole occupant of the pickup truck. The officers contacted the appellee at her residence and immediately advised her of her constitutional rights. During an interrogation, the appellee made certain statements to the police officers concerning the ownership of the pickup truck and the identity of the driver at the time of the accident. She persistently denied involvement in any accident at the time and place alleged.
The appellee moved to suppress these statements and others which she made while en route to the police station and while at the police station. In support of suppression she asserted that the police *296 never advised the appellee of the fact that the police investigation was related to a criminal charge, but rather they informed her that their questioning related only to an accident investigation. The appellee therefore contended that Section 316.066(4) mandated suppression of her statements.
Section 316.066(4), Florida Statutes (1979) reads:
(4) All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident, and except that the department shall disclose the final judicial disposition of the case indicating which if any of the parties were found guilty. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or upon demand of any court a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirements that such a report be made to the department.
The "confidentiality privilege" conferred by this section is designed to encourage and promote the gathering of information for the purpose of documenting the nature and causes of automobile accidents. The section clearly was not intended to afford a suspected hit and run driver, whom the police eventually tracked down and questioned about the accident, with greater protection than is constitutionally required for other criminal suspects.
Section 316.065, Florida Statutes, (1979) provides that the drivers of all vehicles involved in traffic accidents shall make immediate reports of these accidents to local police. Section 316.066(4) allows persons making such reports to enjoy the privilege of confidentiality in their reports. The clear purpose of these statutory sections is to create a mandatory accident reporting system, while at the same time to promote candor in the making of such reports. To gain this candor, the legislature has expressed an intent to free the reporting person from having his own version of an accident used against him in a civil or criminal trial. The legislature did not intend to confer the confidentiality benefits on those who do not comply with their duty to assist in making accident reports. Surely, the legislature did not intend to confer such benefits on a person who flees the scene of an accident where serious and, in this case, fatal personal injuries occurred. The appellee was a suspect for the crime of leaving the scene of an accident rather than an accident participant who merely was performing her statutory duty of reporting.
As the Supreme Court stated in State v. Coffey, 212 So.2d 632 (Fla. 1968), [while interpreting the substantially identical statutory predecessor of Section 316.066, Section 317.171, Florida Statutes (1967)]:
And we think that these circumstances are ample to take the evidence of the results of the blood test out from under the protective cloak of Sec. 317.171, supra. This particular section of the statute was designed to protect the constitutional right against self-incrimination guaranteed by Sec. 12, Decl. of Rights, Fla. Const., while, at the same time, requiring persons involved in accidents to make a true report thereof so as to enable the Department of Public Safety "to facilitate the ascertainment of the cause of accidents ..." Wise v. Western Union Telegraph Co., Fla.App. 1965, 177 So.2d 765. Being in derogation of the common law, it should be strictly construed "in the sense that no situation should be held within its operation to which the legislature did not clearly intend to accord the privilege." Wise v. Western Union Telegraph Co., supra, 177 So.2d 765. And we do not think that the Legislature intended Sec. 317.171, supra, to have the effect *297 of shielding a person suspected of committing a crime in the operation of a motor vehicle from any investigation whatsoever. The fact that the crime was committed in the operation of a motor vehicle is pertinent to the highway safety program of this State; but it does not entitle the person suspected of or charged with committing such a crime to any special treatment insofar as the determination of his guilt or innocence is concerned. In our opinion, he is entitled to the same constitutional safeguards as any other person suspected of or charged with a crime  no more and no less.
See also, State v. Mitchell, 245 So.2d 618 (Fla. 1971). Because we find that Section 316.066(4) does not operate to confer its privilege of confidentiality on those who have abandoned their duties after involvement in an accident, and who choose instead to leave the scene of an accident, we hold that the trial court erred in suppressing the statements of the defendant.
We also find that we do not have jurisdiction to entertain the appellee's cross-appeal of the pretrial order denying her motion to suppress the results of the breathalyzer test. Fla.R.App.P. 9.130(a)(2) limits review of non-final orders in criminal cases to those prescribed by Rule 9.140. Rule 9.140 does not authorize review of the trial court's denial of appellee's motion to suppress. After final judgment she may appeal the denial of her motion to suppress, assuming the issue is properly preserved at trial.
Accordingly, the trial court's order suppressing the appellee's statements is reversed and this cause is remanded for further proceedings.
REVERSED and REMANDED.
LETTS, C.J., and GLICKSTEIN, J., concur.