460 So.2d 422 (1984)
STATE of Florida, Appellant,
v.
Lorraine L. HEPBURN, Appellee.
No. 83-1638.
District Court of Appeal of Florida, Fifth District.
November 15, 1984.
Rehearing Denied December 19, 1984.
*423 Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellant.
Victor O. Mead of Horvath & Mead, Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from an order suppressing statements made to a policeman who was investigating a hit and run criminal traffic case. The trial court ruled appellee's statements inadmissible in part because of a statutory exclusionary rule and in part because the state could not establish *424 a corpus delicti before the proffer of her statements in evidence. We agree in part and disagree in part.
On August 26, 1982, three pedestrians were struck while crossing the intersection at Bumby and Miscindy Avenues in Orlando. The operator of the vehicle which struck the pedestrians fled the scene of the accident without stopping. Although there were no eyewitnesses to the accident, it was later determined that a 1978 Chevrolet Malibu registered in the name of George Hepburn struck the pedestrians.
Trooper LaForte investigated the accident for the Florida Highway patrol. At the scene of the accident, on August 26, 1982, Trooper LaForte collected some debris from the automobile which struck and injured the pedestrians. The following day, on August 27, 1982, appellee, Lorraine Lovett Hepburn, reported to the Florida Highway Patrol that she had been involved in a hit and run accident. Trooper LaForte met with appellee at the American Legion Hall in Orlando on August 27, 1982. Appellee led Trooper LaForte to a 1978 Malibu stationwagon and explained that she didn't know where the accident happened but assumed that it happened at the American Legion Hall the night before. When appellee pointed out that a portion of the grill on the 1978 Malibu was missing and that there was damage to the hood area of the automobile, Trooper LaForte concluded to himself that this was the vehicle which was involved in the hit and run accident the previous night. Appellee did not report the accident involving pedestrians at the intersection of Miscindy and Bumby Avenues, rather she was reporting that her car had been the victim of a hit and run.
At this point, Trooper LaForte returned to his police cruiser and obtained a waiver of rights form. He returned to appellee, read her Miranda rights to her and secured her signature on the waiver of rights form. While Trooper LaForte interrogated her, appellee made certain statements linking her to the hit and run accident which injured the three pedestrians the night before. The exact content of appellee's statements is not included in the record on appeal but it appears that these statements are confessions that appellee was driving a 1978 Chevrolet Malibu registered in the name of her ex-husband at the time the hit and run accident involving pedestrians occurred on August 26, 1982.
On November 9, 1982, the state attorney filed an amended information containing four counts. Count one charges that appellee struck and injured three persons while operating a motor vehicle and then fled the scene of the accident in violation of section 316.027, Florida Statutes (Supp. 1982). Counts two through four are identical allegations that, at the date and time of the accident referred to in Count one, appellee operated a motor vehicle while intoxicated in violation of section 316.1931(2), Florida Statutes (Supp. 1982). Subsequently, appellee filed two motions to suppress the statements she made to Trooper LaForte on August 27th at the American Legion Hall. The trial court suppressed appellee's statements on two grounds. First, the lower court determined that appellee's statements are privileged under Section 316.066, Florida Statutes (Supp. 1982). Second, the court determined that the state's evidence is insufficient to establish the corpus delicti of the offenses charged in this case and therefore appellee's confession is not admissible against her.
Section 316.066(4), Florida Statutes (Supp. 1982) provides, in part, as follows:
Each accident report made by a person involved in an accident shall be without prejudice to the individual so reporting ... No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident ...
The purpose of the statutory exclusionary rule in a system which makes mandatory the filing of reports of every vehicular accident is to encourage candor in the making of such reports. State v. Ferguson, 405 So.2d 294 (Fla. 4th DCA 1981). According to the terms of the statute, the privilege applies to statements in an accident report made by persons involved in an accident who report that accident.
*425 State v. Ferguson is a case almost identical to the instant one. As in this case, the state, in Ferguson, appealed a trial court order suppressing certain statements the appellee made during the investigation of a hit and run automobile accident which resulted in injury. In Ferguson,
The sole question on appeal is whether Section 316.066(4), Florida Statutes (1979) prohibits introduction in a criminal trial of statements made by an alleged hit and run driver to investigating police officers.
405 So.2d at 295. The Fourth DCA held that the statute does not confer an exclusionary privilege to statements made by an alleged hit and run driver who did not report the accident she was involved in. The court stated:
The "confidentiality" privilege conferred by this section is designed to encourage and promote the gathering of information for the purpose of documenting the nature and causes of automobile accidents. The section clearly was not intended to afford a suspected hit and run driver, whom the police eventually tracked down and questioned about the accident, with greater protection than is constitutionally required for other criminal suspects.

405 So.2d at 296 (emphasis supplied).
The only difference in the facts of Ferguson and those of the instant case is that the driver in Ferguson made no accident report at all while the driver in the instant case, appellee, reported a different alleged accident than the hit and run out of which the instant charges arise. Under the circumstances here, the statements appellee made regarding an accident which she was not reporting are not privileged under Section 316.066(4), Florida Statutes (Supp. 1982); appellee was not reporting the accident to which her incriminating statements related when she made those statements. In fact, appellee never reported the accident to which the statements related. The purpose of this statute is to promote candor in the making of accident reports. This purpose is not achieved where a person, rather than candidly reporting one accident, reports another in an attempt to conceal her involvement in the one.
It was error to determine that Section 316.066(4), Florida Statutes (Supp. 1982) applies to the instant case. The statute only applies to statements made by a person involved in an accident who reports that accident. The statute should not apply, because it serves no purpose in such a context, to statements made during a report of one accident which link the individual to another accident which she did not report.
The second ground upon which the lower court bases suppression of the statements made by appellee to Trooper LaForte is the state's inability to prove the corpus delicti of the offenses charged with evidence independent of appellee's statements.[1] It is a correct statement of the law that before a defendant's confession is admissible in evidence the state must prove with substantial evidence the corpus delicti of the offenses charged. State v. Allen, 335 So.2d 823 (Fla. 1976); Knight v. State, 402 So.2d 435 (Fla.3d DCA 1981); Nelson v. State, 372 So.2d 949 (Fla. 2d DCA 1979), cert. denied, 396 So.2d 1130 (Fla. 1981); McQueen v. State, 304 So.2d 501 (Fla. 4th DCA 1974), cert. denied, 315 So.2d 193 (Fla. 1975); Farley v. City of Tallahassee, 243 So.2d 161 (Fla. 1st DCA 1971). The trial court's conclusion that the state could not prove the corpus delicti of the offenses charged with evidence independent of appellee's statements is a correct determination as to Counts II, III and IV of the amended information but is error with respect to Count I.
*426 Counts II, III and IV of the amended information are identical allegations charging appellee with driving a motor vehicle while intoxicated in violation of Section 316.1931(2), Florida Statutes (Supp. 1982). A, if not the, critical element of the corpus delicti of the offense of driving while intoxicated is evidence that the defendant was driving at the time she allegedly committed the offense. Farley v. City of Tallahassee, 243 So.2d 161 (Fla. 1st DCA 1971). In Farley, the First DCA reversed a conviction of driving while under the influence of alcohol where there was no evidence, absent defendant's own statement made at the time of his arrest, which placed defendant behind the wheel of an automobile at the time he allegedly committed the offense. Similarly, in the case at bar, there is evidence that appellee consumed alcoholic beverages at a time on August 26, 1982 before the pedestrians were struck in an intersection, there is also evidence that appellee was in possession on the day after the accident of the automobile which struck the pedestrians, but since there were no eyewitnesses to the accident and since the pedestrians did not know what hit them, there is no evidence which places appellee behind the wheel of the automobile which struck the pedestrians at the time the accident occurred. Without the statements appellee apparently made to Trooper LaForte on the day after the accident, there is no evidence that appellee was driving at the time she allegedly committed the offenses charged. Since the state cannot prove the corpus delicti of Counts II, III and IV of the amended information with evidence independent of the statements appellee made to Trooper LaForte on August 27, 1982, the trial court properly suppressed appellee's statements with respect to these three counts.
Count I of the amended information charges appellee with leaving the scene of the accident with injuries in violation of Section 316.027(1), Florida Statutes (Supp. 1982). As stated in Sciortino v. State, 115 So.2d 93, 95 (Fla. 2d DCA 1959) and applied in Nelson v. State, 372 So.2d 949 (Fla. 2d DCA 1979), cert. denied, 396 So.2d 1130 (Fla. 1981), the corpus delicti of a crime consists of two elements: one, proof that a crime has been committed and two, proof that some person is criminally responsible for the act. Applying this definition, to establish the corpus delicti of leaving the scene of the accident with injuries in the instant case the state must prove that the pedestrians were struck by an automobile which fled the scene. The state can prove that the pedestrians were struck by an automobile which fled the scene with evidence independent of appellee's statements. The Supreme Court of Florida stated in State v. Allen, 335 So.2d 823 (Fla. 1976), that the state may prove the corpus delicti of an offense with circumstantial evidence. Since the state can prove the corpus delicti of the crime of leaving the scene of an accident with injuries with evidence independent of the statements appellee made to Trooper LaForte on August 27, 1982, it was error for the lower court to suppress appellee's statements with respect to Count I of the amended information.
The order of the lower court suppressing the statements appellee made to Trooper LaForte on the day following the hit and run accident involving pedestrians at the intersection of Miscindy and Bumby Avenues in Orlando is affirmed with respect to Counts II, III and IV of the amended information but reversed with respect to Count I. This cause is remanded for trial.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Since the exact statements which appellant made to Trooper LaForte are not included in the record on appeal it is difficult to be certain whether her statements are confessions or merely admissions against interest. However, since appellant made her statements to a police officer it is most likely that they are confessions. See Nelson v. State, 372 So.2d 949 (Fla. 2d DCA 1979), cert. denied, 396 So.2d 1130 (Fla. 1981).