PER CURIAM.
Pursuant to a written plea agreement, appellant Carol Sylvester pled nolo conten- *181 dere to the charge of leaving the scene of an accident with injuries, see section 316.-027, Florida Statutes (1987), with an express reservation of the right to appeal the denial of her motion to suppress. We affirm.
On December 21, 1987, a car driven by Sylvester hit a pedestrian walking along the side of the road in Islamorada, Florida, and seriously injured him. Sylvester knew that she had struck a pedestrian, but nevertheless left the scene of the accident.
Two days later, Sylvester, accompanied by her attorney and her husband, surrendered herself at the Monroe County Sheriffs Office. Counsel advised Trooper Brock that Sylvester asserted her rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Counsel also advised that Sylvester would comply with the accident reporting requirements of section 316.066, Florida Statutes (1987), under the compulsion of that statute. Pursuant to his statutory duty, Trooper Brock questioned the defendant concerning the details of the accident and she responded, admitting her involvement in the accident. After the trooper completed his statutory investigation, he informed the defendant of her Miranda rights. At that point and in consultation with her attorney, Sylvester refused on fifth amendment grounds to answer any further questions.
Thereafter the State filed an information charging the defendant with willfully failing to remain at the scene of the accident involving an injury in violation of section 316.027, Florida Statutes (1987). Sylvester moved to suppress her statements to Trooper Brock, contending that they were protected by the statutory immunity of subsection 316.066(4), Florida Statutes (1987). She also argued that because the statements were compelled by statute, use of the statements by the State would violate the fifth amendment. The trial court denied the motion to suppress, relying on State v. Ferguson, 405 So.2d 294 (Fla. 4th DCA 1981), which holds that any privilege is lost where a driver has left the scene of an accident. Id. at 297.
We affirm the trial court ruling, but on different grounds. Because the present case can be resolved within the terms of section 316.066, we do not reach the potentially more troublesome fifth amendment issues posed by Ferguson’s broad concept of waiver.
In the present case the motion to suppress was considered in tandem with Sylvester’s sworn motion to dismiss. Sylvester contended that the State’s evidence could not place her in the car at the scene of the accident. The State filed a traverse, disclosing the name of a witness who had told the State he could identify Sylvester as the driver. No in-person or photographic identification had occurred. The trial court denied the motion to dismiss.
Subsequently, neither the State nor Sylvester succeeded in locating the witness for deposition. By the time the motion to suppress was heard, it was uncertain whether the witness would be located and if so, whether he could in fact identify Sylvester. Subsection 316.066(4), Florida Statutes (1987) provides in part:
Each accident report made by a person involved in an accident ... shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident, and except that the department shall disclose the final judicial disposition of the case, indicating which, if any, of the parties were found guilty.
(Emphasis added).
At trial, had the witness not been located or had he been unable to identify Sylvester, then subsection 316.066(4) would have allowed the disclosure of Sylvester’s identity as the driver, based on the traffic report. Likewise, if at trial Sylvester disputed the testimony of the identifying witness, or sought to impeach him, that would constitute a denial of presence for purposes of the statutory exception and would allow *182 the identifying information to come in. Id,.; see Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).[1] It follows, therefore, that the motion to suppress was properly denied at that stage of the proceeding. At trial the identifying information would have come in if, as outlined above, identity were an issue, and otherwise would have been excluded on timely objection. In either instance Sylvester would have been identified as the driver and placed at the scene of the accident.
This approach comports with the statute’s own terms and with California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971). In Byers, the Supreme Court held that the requirements to stop at the scene of an accident and to report one’s name and address do not offend the fifth amendment. Id. at 432-34, 91 S.Ct. at 1540-41, 29 L.Ed.2d at 19-21. The Court reasoned that those actions are, standing alone, neither testimonial nor incriminating for fifth amendment purposes. The statutory exception allowing disclosure of identity, and the result we reach here, are therefore consistent with the fifth amendment as construed in Byers. The practical result is the same as if Sylvester had stopped at the accident scene as required: her identity as driver is disclosed.
For the reasons stated, we conclude that the motion to suppress was properly denied. We leave for another day the question whether to follow Ferguson.[2]
Affirmed.

. Ethical considerations would prohibit the alternatives of impeachment or denial where, as here, the defendant had admitted her presence to the investigating officer in the traffic report.

. The rule announced in Ferguson would waive confidentiality as to the entire accident report, not just the portions identifying the driver.