ORDER ON APPELLANT’S MOTION TO UNSEAL FILE
PER CURIAM.
We have for our consideration appellant’s motion to unseal his presentence investigation report (PSI).[1] This document was sealed by the lower tribunal and transmitted under seal to this court. Although the State of Florida has expressed no objection to the motion, the court is concerned about the proper procedures to be employed and we take this opportunity to express our views regarding the handling of such reports.
McClendon was a juvenile but was sentenced as an adult and accordingly a PSI was presented to the trial court prior to sentencing. The Department of Corrections is responsible for preparing the PSI under the provisions of section 921.231, Florida Statutes (Supp.1990). This statute sets forth the information that should be included in the report. Subsection (3) provides:
All information in the presentence investigation report should be factually presented and verified if reasonably possible by the preparer of the report. On *354 examination at the sentencing hearing, the preparer of the report, if challenged on the issue of verification, shall bear the burden of explaining why it was not possible to verify the challenged information.
Subsection (4) of the statute provides that the “nonconfidential portion” of the report shall constitute the basic classification and evaluation document for DOC. This implies that the legislature anticipated there would be confidential portions of the report, but the statute is otherwise silent as to the question of confidentiality.
Florida Rule of Criminal Procedure 3.712 provides that the PSI is not a public record and is available to the sentencing court, the reviewing court, and to the parties as provided for in Rule 3.713. This latter rule provides in pertinent part:
(a) The trial judge may disclose any of the contents of the presentence investigation to the parties prior to sentencing. Any information so disclosed to one party shall be disclosed to the opposing party-
(b) The trial judge shall disclose all factual material, including but not limited to the defendant’s education, prior occupation, prior arrests, prior convictions, military service and the like, to the defendant and the State a reasonable time prior to sentencing....
In Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) the United States Supreme Court found that in a death penalty case the due process rights of a defendant had been violated by failure to disclose confidential portions of the PSI which may have influenced the trial court to impose the death penalty. By its express terms, however, Gardner is limited to death penalty cases and at least one Florida court has refused to apply it in a non-capital case. Levin v. State, 348 So.2d 1189 (Fla. 4th DCA 1977). Other authorities are in agreement. See generally, Spivey, Annotation, Defendant’s Right to Disclosure of Presentence Report, 40 A.L.R.3d 681 (1971). Thus, except in capital cases, there is apparently no constitutional or other barrier to inclusion of a nonfactual confidential section in a PSI.[2] In so concluding, however, we note that reviewing courts have reversed for resentencing where they found that the confidential section of a PSI contained factual material not revealed to the defense. Dickens v. State, 368 So.2d 950 (Fla. 1st DCA 1979); Bronson v. State, 345 So.2d 872 (Fla. 2d DCA 1977); Campbell v. State, 342 So.2d 1010 (Fla. 4th DCA 1977).
We identify two different concerns about the confidentiality of a PSI. First, pursuant to Florida Rule of Criminal Procedure 3.712, it is not a public record and copies held by the trial court, the reviewing court, and counsel for the two parties cannot disclose the contents of the report to third parties. Thus, to the extent this court “unseals” the PSI, it would only be to provide copies of the report to counsel of record. The PSI in this case and other cases pending before this court are not and shall not be subject to inspection by the general public.
The other, and more troublesome, concern, is the possibility that the PSI may contain confidential portions which should not be revealed even to counsel of record. This court, however, can examine confidential portions of the PSI if necessary for appellate review. McCormack v. State, 332 So.2d 117 (Fla. 1st DCA 1976). In such cases there would be two different versions of the PSI, the complete report to be held in the files of the trial and/or reviewing courts, and an edited version to be provided to the parties. Where there are two versions in this manner, it is necessary for the appellate court to have both versions so that it can determine what information was made available to the defense and what was withheld. The trial bench is advised that should it withhold any portion of a PSI from a defendant, the two different versions of the report, clearly identified, should be included in the record on appeal. *355 Copies of the PSI with confidential sections or material omitted should be included in any copies of the record furnished to counsel.
As a practical matter, this court’s experiences with PSI’s which contain confidential portions are very limited. We will assume that, absent information to the contrary, the PSI’s in this and other cases before us were furnished in their entirety to the defense. Accordingly, we grant appellant’s motion and copies of the PSI will be provided to counsel of record under separate cover, who are directed to maintain its confidentiality as prescribed by Rule 3.712.
MOTION GRANTED.
JOANOS, C.J., and ERVIN and BARFIELD, JJ., concur.

. Appellant also asked this court to unseal the predisposition report prepared for juveniles, but such a report does not appear as a separate document in the copy of the record now on file with the court. In any event, the statutes and rule applicable to the predisposition report and its confidentiality are relatively unambiguous. See Fla.Stat. § 39.052(3)(a) and 0): § 39.-059(7)(a) and (i) (Supp.1990); Fla.RJuv.P. 8.200. Accordingly, our opinion here is limited to concerns presented by the presentence investigation.

. Obviously, the most likely use of a confidential section (or the use of a redacted report) would be to protect the identity of a source of information, although our opinion should not be construed to endorse such use or to limit the purpose for making part of a PSI confidential.