NESBITT, Judge.
The state seeks issuance of a writ of certiorari quashing an opinion of the circuit court, appellate division, which reversed a trial court’s denial of Francis H. Kester’s motion to dismiss the driving under the influence charge brought against him. We grant the petition and. quash the order under review.
A City of Miami police officer was dispatched to an accident involving a child struck by an auto. When the officer arrived at the scene, three bystanders confirmed they were witnesses and that Kes-ter’s auto, through no fault of his own, had struck the child on his bike; however, all three witnesses refused to testify or give their names. The officer observed Kes-ter’s parked vehicle on the roadside with a child’s damaged bike lying nearby. Kester was standing outside his vehicle. Blue paint, the color of the bike was on the side of his car. When approached by the officer, Kester talked to the officer, admitting he struck the child. The officer noted Kes-ter emanated a strong odor of alcohol and exhibited bloodshot eyes. After observing these signs, the officer advised Kester that he had completed the accident investigation and was beginning a criminal investigation.
Kester was arrested for DUI. A blood alcohol reading of .22 was taken. Kester filed a motion to dismiss alleging the state failed to establish the corpus delicti of DUI, specifically that the state could not establish that he had been driving at the time of the accident. The trial court entered an order denying Kester’s motion to dismiss. Kester entered a plea of nolo contendere, reserving the right to appeal the denial of his motion to dismiss. In the circuit court, appellate division, Kester appealed the trial court’s order denying his motion to dismiss. Thereafter, the appellate division reversed the order. Here, the state seeks the issuance of a writ of certio-rari quashing the appellate division’s opinion and requests this court to order the appellate division to affirm the trial court’s order denying the motion to dismiss.
*586 An individual’s confession to a crime is insufficient evidence of a criminal act where no independent evidence exists to substantiate the occurrence of the crime. State v. Allen, 335 So.2d 823 (Fla.1976). Kester claims the state has no evidence, other than his confession, that he was driving under the influence of alcohol. In proving corpus delicti, however, circumstantial evidence is sufficient. Sochor v. State, 580 So.2d 595 (Fla.1991); cert. granted in part, — U.S. -, 112 S.Ct. 436, 116 L.Ed.2d 455 (1991); judgment vacated on other grounds, — U.S. -, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992); Buenoano v. State, 527 So.2d 194 (Fla.1988). Proof beyond a reasonable doubt is not necessary. Sochor, 580 So.2d at 600; Stano v. State, 473 So.2d 1282 (Fla.1985), cert. denied, 474 U.S. 1093, 106 S.Ct. 869, 88 L.Ed.2d 907 (1986).
To go forward, the state had to present evidence tending to show that a crime had been committed, not proof of a crime beyond a reasonable doubt. The officer’s testimony was that Kester’s green auto was the only car on the scene and a mangled blue bike was on the ground nearby. Blue paint, the same color as on the bike, was on the side of Kester’s car. Kes-ter was the only person standing next to his car. There were no passengers. The officer had observed Kester's bloodshot eyes and the scent of alcohol on Kester’s breath. Through this evidence, the state met its burden of tending to show Kester had committed the crime of DUI.
Once a prima facie case was presented, the trial court correctly held that Kester’s statement that he had been driving and hit the child, was admissible, and not protected as argued by Kester. The accident report privilege in effect at the time of the incident specifically provided that the privilege does not extend to statements disclosing “the identity of a person involved in an accident when such identity is not otherwise known.” § 316.066(4), Fla.Stat. (1987). See Sylvester v. State, 557 So.2d 180 (Fla. 3d DCA), cause dismissed, 562 So.2d 347 (Fla.1990); see also Combs v. State, 436 So.2d 93 (Fla.1983).
Accordingly, the state’s petition is granted. The opinion of the circuit court appellate division is quashed and the cause remanded.