PER CURIAM.
Harry K. Singletary, Jr., Secretary for the Department of Corrections ( “DOC”), has filed a petition for writ of certiorari challenging orders in two criminal cases. The orders compel disclosure to the defendants of confidential information contained in their presentence investigation reports (“PSI”).[1] Additionally, the orders require the DOC to include this confidential information in the PSIs it provides to all defendants in the future. We grant the petition because the orders depart from the essential requirements of law.
The defense in the cases of Kewanee Smith and Jerome Grant filed motions to compel when it was discovered that the DOC had provided the defendants PSIs in which confidential information had been redacted, while the State had been given unredaeted copies. In an admirable attempt to ensure that the sentencing proceedings were equitable, the trial court granted the defendants’ motions to compel the DOC to disclose the confidential information to them. The court held that fairness dictated that a defendant be suppled with the same unredacted copy of the PSI containing the statements of the victim or the victim’s relatives which is furnished to the State. The court directed the DOC to provide such unredacted PSIs to all defendants in the future.
Pursuant to section 945.10(l)(b), Florida Statutes (Supp.1996), PSIs in the possession of the DOC are confidential. Prior to the amendment of section 945.10 in 1994, the DOC could make PSIs available to officers and employees of the court without constraint. The 1994 amendment restricted the release of that portion of a PSI which contains the statement and address of the victim or the victim’s relatives. Ch. 94r-83, § 1, at 301, Laws of Fla. The effect of the amendment was to prohibit the DOC’s release of such information to a public defender representing a defendant. § 945.10(2)(d), Fla. Stat.
In the present cases, the trial court ordered the DOC to act in direct contravention of a governing statute. In so doing, the court misinterpreted the discretion afforded to a trial judge by Florida Rule of Criminal Procedure 3.713. That rule allows a judge to disclose any of the contents of a PSI to the parties prior to sentencing. The rule directs that any information disclosed to one party shall be disclosed to the opposing party. The key factor to be noted is that , the rule grants this authority to the trial judge, not to the DOC, to be exercised on a case-by-case basis. See In re Florida Rules of Criminal Procedure, 272 So.2d 65, 123 (Fla.1972) (Committee Note). The DOC should furnish the trial court with a complete copy of the PSI, and give the State and defense identical copies in which all confidential information has been redacted. See, e.g., McClendon v. State, 589 *342 So.2d 352 (Fla. 1st DCA 1991) (this pream-endment ease sets forth the appropriate manner in which PSIs should be distributed by the DOC). The court may then reveal any confidential information it deems appropriate. The DOC should not be involved in releasing the confidential information to the defense or to the State.
Accordingly, the petition for writ of certio-rari is granted. The orders granting the defendants’ motions to compel are quashed. The trial court may again consider the motions to compel; however, any information which it deems should be revealed to the defendants shall be disclosed by the court itself. Further, any orders on the motions to compel shall apply only to the eases in which they are entered. In the future the DOC should act in accordance with the plain reading of the statute and the rule in question, as described herein.
Petition for writ of certiorari is granted.
DANAHY, A.C.J., and PATTERSON and NORTHCUTT, JJ., concur.

. Neither case involves the death penalty. In death penalty cases, access to confidential information contained in PSIs is available to defendants as a matter of due process. See Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977).