STRINGER, Judge.
Octavious Cummings challenges his judgment and sentence for leaving the scene of an accident with death, contrary to section 316.027(l)(b), Florida Statutes (1997). We affirm.
Two vehicles collided in the intersection of 9th Avenue and 15th Street in Braden-ton at approximately 2:45 a.m. on December 27, 1998. There were no eyewitnesses to the accident other than the occupants of the two vehicles. Roosevelt Edwards, who was approaching the intersection, heard a “thump” and found a green car beside a pole with the doors open and the radio playing. He saw a black male running across a nearby grocery store parking lot. About 150 feet away from the green car, Edwards observed a small gray vehicle in a darkened field. When he approached the gray car, he saw the occupants and yelled for someone to call 911.
Firemen, Bradenton police officers, and E.M.S. arrived at the scene within minutes. The two occupants of the gray vehicle were dead. Lieutenant Hill ran a check of the green vehicle’s tag. The vehicle was owned by Cummings’ mother, who lived only a few blocks from the scene. Hill proceeded to the owner’s address and encountered Calvin Miller, Cummings’ stepfather, in front of the residence. After explaining that he was investigating an accident, Hill accompanied Miller into the living room of the residence. Cummings appeared from another part of the house complaining that his wrist and side hurt. Hill asked Cummings, “What happened?” and Cummings responded that he had the green light, the other vehicle had the red light, and that he was unable to avoid the collision. Hill then asked him if he was the driver of the green vehicle, and he responded, “Yes.” Cummings also said that after the crash, he did not see the other vehicle. Cummings was charged at a later time.
Cummings argues that the trial court erred in allowing in evidence the statements he made to Lieutenant Hill because those statements were inadmissible under the accident report privilege contained in section 316.066(4), Florida Statutes (1997).[1] We disagree.
Cummings was a suspected hit-and-run driver and as such was not entitled to the confidentiality privilege of section 316.066(4). See State v. Hepburn, 460 So.2d 422 (Fla. 5th DCA 1984). Additionally, since Cummings was not “in custody” during the interrogation, Lieutenant Hill was not required to advise Cummings of his Miranda[2] rights prior to questioning. See Roman v. State, 475 So.2d 1228 (Fla.1985). Therefore, under the circumstances of this case, Miranda warnings were not required, and Cummings’ statements to Lieutenant Hill were admissible.
Cummings has raised other issues on appeal which we find have no merit. We, therefore, affirm Cummings’ conviction and sentence.
Affirmed.
PATTERSON, C.J., and ALTENBERND, J., concur.

. Section 316.066(4) provides in pertinent part:
[E]ach accident report made by a person involved in an accident and any statement made by such person to a law enforcement officer for the purpose of completing an accident report required by this section shall be without prejudice to the individual so reporting. No such report or statement shall be used as evidence in any trial, civil or criminal. However, subject to the applicable rules of evidence, a law enforcement officer at a criminal trial may testify as to any statement made to the officer by the person involved in the accident if that person's privilege against self-incrimination is not violated.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).