243 So.2d 161 (1971)
Joseph Stockton FARLEY, Jr., Petitioner,
v.
CITY OF TALLAHASSEE, Florida, Respondent.
No. N-130.
District Court of Appeal of Florida, First District.
January 21, 1971.
Joseph Stockton Farley, Jr., in pro. per.
Edward J. Hill, Roy Rhodes, and Hayward V. Atkinson, Tallahassee, for respondent.
SPECTOR, Judge.
This is a petition for a writ of certiorari to review the lower court's judgment affirming a conviction on charges of driving while under the influence of alcohol in the Municipal Court of Tallahassee.
The incident charged upon occurred when a vehicle owned and occupied by petitioner ran off the side of the road in the vicinity of the university campus and came to rest in a culvert. The vehicle was also occupied by petitioner's wife and daughter, none of whom appear to have been injured. No other vehicles were involved in the incident.
Several issues are raised by petitioner in support of his contention that the affirmance below amounted to a departure from the essential requirements of law, but it is necessary to focus our attention only on one; namely, petitioner's contention that fundamental error was committed when his admission that he was driving at the time of the accident was admitted in evidence before the corpus delicti of the offense charged was proved. We think petitioner's contention in this regard is well taken and requires reversal of the conviction.
*162 Petitioner was not present at the scene of the accident when the traffic accident investigating officers arrived at 1:30 A.M. on the day in question. When petitioner arrived some thirty minutes later, his wife and child were no longer present, she having been arrested and placed in custody at the police station presumably for some offense arising out of or connected with the vehicular accident. In any event, upon his arrival at the scene the investigating officer addressed a series of questions to petitioner and ascertained from him that he was the driver of the car when it went into the ditch. Thereupon petitioner was taken to the station where he was ultimately charged with driving while intoxicated.
Aside from petitioner's admission at the scene that he was the driver, there was no other evidence on that critical element of the offense charged. Without such evidence as was gained from the defendant himself, there was no proof that the offense charged was ever committed by anyone. Nor was there evidence as to the existence of circumstances from which it could be inferred that a drunken driver was at the wheel of the car when it went in the ditch, as in County of Dade v. Pedigo, 181 So.2d 720 (Fla.App. 1966).
It is well settled in this jurisdiction that it is incumbent upon the state to prove the corpus delicti in every case, and in doing so it must rely on proof thereof other than the confession or admission of the defendant. No useful purpose would be served in restating the cases so holding since they are already collated in Judge Allen's well written decision in Sciortino v. State, 115 So.2d 93 (Fla.App. 1959).
We think this principle was aptly applied by the court in State v. Joiner, 17 Fla. Supp. 84, which also involved a DWI case where proof of the corpus delicti was lacking except for the defendant's own confession. There the court stated, at page 86:
"There is no evidence other than defendant's admission to the drunkometer technician, to show that defendant, conceding her intoxicated state, was driving or had physical control of the Studebaker. Without such evidence, not only is there nothing to connect defendant with the commission of the offense charged, there is not even proof that the offense charged was ever committed by anyone. Regardless of the number of intoxicated persons at the scene of an accident, even if they are car owners, there is no violation of the ordinance unless and until it be shown that an intoxicated person was driving or in physical control of a vehicle.
"In other words, without the admission by defendant that she was driving, there is no proof of the corpus delicti. Although it is the minority rule throughout the country [citations omitted], it is the law of this state that the corpus delicti must be prima facie established independently of the admission or confession of the defendant and that the admission may not be considered as part of the evidence going to make up the proof of the corpus delicti. It is true that once it is shown that a crime was committed, defendant's connection therewith may be shown by an admission, but as pointed out above, defendant's admission was an essential link in the proof that an offense was committed."
The principle under discussion is so fundamental in our law that when such error is committed, a reversal of the conviction is required.
It is so ordered.
WIGGINTON, Acting C.J., and CARROLL, DONALD K., J., concur.