## STATE OF FLORIDA v. ALLMAN
Case No. 82-71155-TT A04
## STATE OF FLORIDA v. HARRELL
Case No. 82-191431-TT A08
(Consolidated)
County Court, Palm Beach County, Criminal Division
March 10, 1983

Betty King, Craig Salisbury, Office of the State Attorney, for plaintiff.

Al Jackson, Office of the Public Defender, for defendant Harrell Jose Rodriguez, for defendant Allman.

JAMES T. CARLISLE, County Judge, Criminal Division

These cases present three issues:

1. Whether a defendant's statement to an officer preparing an accident report pursuant to 316.066 F.S. can be admitted into evidence to "put the defendant behind the wheel."

2. Whether the evidence sufficiently tends to show Harrell committed the offense of DWI to admit his statement under 316.066 F.S.

3. Whether privileged statements under 316.066(4) F.S. can be used for impeachment purposes.

Allman involves a jeep accident. Deputy Butler arrived on the scene. Allman told him that she was driving and that she fell out of the jeep

prior to the collision. The only other passenger stated on deposition she had drunk half a bottle of Jack Daniels and had no idea who was driving.

Harrell's car hit an unoccupied parked truck. There were no witnesses. The officers were dispatched to the scene. Harrell told them he was driving. Based upon his condition, they arrested him for DWI.

## I.

### A DEFENDANT'S STATEMENT TO AN OFFICER PREPARING AN ACCIDENT REPORT PURSUANT TO 316.066 F.S. CAN BE ADMITTED TO "PUT THE DEFENDANT BEHIND THE WHEEL."

Section 316.066(4) F.S. provides as follows:

"All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use[1] of the department or other state agencies having use of the records for accident prevention purposes, *except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident* . . . No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, . . ."

There are no cases construing the underlined provision.

Failure to give this information is a traffic infraction — 316.655(1) F.S.

Under pain of the penalty provided for traffic infractions, the statute compels a person involved in a traffic accident to provide information concerning the circumstances of the accident. The stated purpose of the statute is "accident prevention purposes." The statute provides immunity, except as to the identity of a person involved "when not otherwise known or when such person denies his presence at such accident." Does this statutory scheme violate the Fifth Amendment?

In *California v. Byers,* 402 U.S. 424, 29 L.Ed.2d 9, S.Ct. 1535 (1971), a California statute required the driver of a motor vehicle involved in an accident resulting in damage to property to stop at the scene and give his name and address. Byers was charged with violating that statute. Byers asserted his privilege against self-incrimination. The Supreme Court of California held the privilege applicable and went on to hold the statute should be limited by a restriction against the use of the identity of the driver obtained under the California statute in any

criminal prosecution. The Supreme Court of the United States reversed: We conclude that there is no conflict between the statute and the privilege." *Supra,* L.Ed.2d at 17. The Court went on to hold the California statute "merely provides the state and private parties with the driver's identity for, among other valid state needs, the study of causes of vehicle accidents and related purposes . . ." *Supra,* L.Ed.2d at 20.

> ". . .There is no constitutional right to refuse to file an income tax return or to flee the scene of an accident in order to avoid the possibility of legal involvement." *Supra,* L.Ed.2d at 21.

In a concurring opinion, Justice Harlan stated as follows:

> "California's decision to compel Byers to stop after his accident and identify himself will not relieve the State of the duty to determine, entirely by virtue of its own investigation after the coerced stop, whether or not any aspect of Byers' behavior was criminal. Nor will it relieve the State of the duty to determine whether the accident which Byers was forced to admit involvement in was proximately related to the aspect of his driving behavior thought to be criminal. In short, Byers having once focused attention on himself as an accident participant, the State must still bear the burden of making the main evidentiary case against Byers as a violator of (402 U.S. 458) Section 21750 of the California Vehicle Code. To characterize this burden as a merely ritualistic confirmation of the 'conviction' secured through compliance with the reporting requirement in issue would be a gross distortion of reality . . . Considering the noncriminal governmental purpose in securing the information, the necessity for self-reporting as a means of securing the information, and the nature of the disclosures involved, I cannot say that the purposes of the Fifth Amendment warrant imposition of a use restriction as a condition on the enforcement of this statute." *Supra,* L.Ed.2d at 34 and 35.

I must, therefore, conclude the provisions of Section 316.066(4) F.S. authorizing the disclosure of the identity of persons involved when such person denies his presence at the accident, does not violate the prohibition against self-incrimination. Consequently, the accident report can be used for the limited purpose of placing the defendant behind the wheel.

## II.

### THE EVIDENCE SUFFICIENTLY TENDS TO SHOW HARRELL COMMITTED THE OFFENSE OF DWI TO ADMIT HIS STATEMENT UNDER 316.066 F.S.

Harrell also contends, pursuant to 3.190(c)(4) F.R.C.P. that the State cannot prove the *corpus delecti* without relying on Harrell's statement. Harrell cites *Farley v. City of Tallahassee,* 243 So.2d 161 (1st DCA 1971). It is true, prior to obtaining a conviction in any criminal case, the State must prove that a crime was committed and the person charged committed the crime. The defendant's confession may be used to prove that the defendant committed the crime. However, prior to the defendant's confession being admitted into evidence, the *corpus delecti* must be prima facie established independently of the admission or confession of the defendant, and the admission may not be considered as part of the evidence going to make up the proof of the *corpus delecti.* The prima facie aspect of that rule is satisfied when the State shows that a crime was committed and produces evidence tending to show the defendant committed the crime. In *Farley,* supra, as well as *Sciortino v. State,* 115 So.2d 93 (2nd DCA 1959), relied on by Judge Spector in *Farley,* supra, the evidence established automobile accidents involving any number of intoxicated persons at the scene of the accident, any of whom might have been driving. The only evidence linking *Farley* and *Sciortino,* supra, with the accidents was their statements. Harrell was the only person present at the scene. In the officers' opinion, Harrell was intoxicated. Thus, there was sufficient evidence tending to show the commission of the crime of DWI. The Rule is satisfied in that case.

## III.

### PRIVILEGED STATEMENTS UNDER 316.066 F.S. CANNOT BE USED FOR IMPEACHMENT PURPOSES.

In *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) and *Oregon v. Hass,* 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975), confessions were taken without Miranda warnings (*Harris,* supra), and after warning, but before Hass was provided with a requested lawyer. Nevertheless, the Supreme Court held the otherwise inadmissible statements could be used for rebuttal where the defendant's testimony on direct was inconsistent. In both cases the court weighed the effect of the policy of excluding statements which do not comply with Miranda in deterring police illegality, against the strong policy against countenancing perjury. The court concluded a defendant who obtains a ruling excluding his statement is not thereafter free to commit perjury.

In *Mincey v. Arizona,* 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978), a confession was involuntarily obtained. The court held it could not be used for impeachment purposes.

In *New Jersey v. Portash,* 440 U.S. 450, 59 L.Ed.2d 501, 99 S.Ct. 1292 (1979), Portash was given immunity and compelled to testify before the grand jury. At trial, prior to his taking the stand, the trial court judge ruled his grand jury testimony could be used for cross-examination purposes if his testimony on direct was inconsistent. *Portash,* supra, asserted the rationale of *Harris* and *Hass,* supra, would allow the use of the grand jury testimony. The Supreme Court drew a distinction between *compelled* testimony and statements taken in violation of Miranda. The Court quoted from *Mincey,* supra, "But *any* criminal trial use against a defendant of his *involuntary* statement is a denial of due process of law." (Emphasis in original.) The Court went on to hold:

> "Testimony given in response to a grant of legislative immunity is the essence of coerced testimony. In such cases there is no question whether physical or psychological pressures overrode the defendant's will; the witness is told to talk or face the government's coercive sanctions, notably, a conviction for contempt. The information given in response to a grant of immunity may well be more reliable than information beaten from a helpless defendant, but is no less compelled. The Fifth and Fourteenth Amendments provide a privilege against *compelled* self-incrimination, not merely against unreliable self-incrimination. Balancing of interests was thought to be necessary in Harris and Hass when the attempt to deter lawful police conduct collided with the need to prevent perjury. Here, by contrast, we deal with the constitutional privilege against compulsory self-incrimination in its most pristine form. Balancing, therefore, is not simply unnecessary. It is impermissible."

See also *Stanley v. White,* 326 So.2d 68 (1st DCA 1976).

Statements taken pursuant to 316.066 F.S. are legislatively compelled under pain of the penalty provided for traffic infractions. The statute provides immunity in all respects except the identity of persons involved.

I must, therefore, conclude these statements cannot be used for rebuttal purposes. I also conclude that the Legislature could, consistent with *California v. Byers,* supra, and *New Jersey v. Portash,* supra, permit the use of statements given the investigating officer for cross-examination or rebuttal purposes. The present legislative grant of immunity is unnecessary and overbroad.