890 So.2d 468 (2004)
STATE of Florida, Appellant,
v.
Nolberto COLORADO, Appellee.
No. 2D03-2915.
District Court of Appeal of Florida, Second District.
December 29, 2004.
*469 Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellee.
NORTHCUTT, Judge.
Roberto Alvarez died in a one-car accident. The State, alleging that Nolberto Colorado was the driver of the car at the time, charged Colorado with DUI manslaughter, vehicular homicide, and driving without a valid driver's license causing death. In this appeal the State challenges a pretrial ruling that excluded from evidence Colorado's admission that he was the driver on the ground that the State's evidence did not satisfy the requirements for corpus delicti. We agree with the circuit court and affirm.
The defense moved to exclude Colorado's admission, alleging that there were no witnesses who could identify Colorado as the driver, the car was not registered in Colorado's name, and there was no evidence that placed him behind the wheel. The defense asserted that the State was required to establish the elements of corpus delicti by independent proof before Colorado's admission could be introduced. At the motion hearing, the parties did not introduce any evidence. Instead, they proceeded on the following stipulated facts:
1. The victim listed in the information, Roberto Alvarez, died instantly as a result of the traffic accident that occurred on January 13, 2002 on Cornet [sic] Road in Hillsborough County. His body was found at the scene by the below witnesses.
2. The accident [occurred] as follows: the vehicle was traveling south on Cornet [sic] Rd. and drifted off of the south road edge. The driver attempted to steer the vehicle back onto the roadway which caused the vehicle to rotate counter clockwise. The vehicle skidded sideways, passenger side first, approximately two hundred and nine feet before beginning to tumble.
3. Witness Jose Aguilar did witness the accident, but at no time was able to identify the driver of the vehicle.
4. Witness Jose Aguilar did not see any person fleeing the scene of the accident after his arrival.
5. Witness Corina Luna arrived minutes after the accident and smelled an alcoholic beverage on the defendant's breath.
6. At the time of the accident, the vehicle was traveling at 51-58 MPH in a 50 MPH zone.
7. There were no other cars involved in the accident in question.
8. A medical blood draw of the defendant was conducted almost 145 minutes after the accident.
9. The defendant's legal blood/alcohol level, tested from the above-mentioned medical draw, was between .088 and .1018 grams of alcohol per 100 milliliters of blood.
Colorado pointed out that no physical or circumstantial evidence placed either man *470 behind the wheel of the car. The State argued that it did not need to establish all of the elements of the crime charged to meet its burden under the corpus delicti rule. Rather, it contended that because the stipulated facts showed that someone was speeding and someone died as a result of the accident, it established a corpus delicti for a crime similar to that contemplated by the charging document. The circuit court granted the defense motion and excluded Colorado's admission.
In a motion for rehearing, the State for the first time informed the court that Alvarez had a blood alcohol level of .18 grams of alcohol per 100 milliliters of blood. Based on this new fact, the State argued that the stipulated evidence showed either that Colorado committed DUI manslaughter or that Alvarez committed DUI with personal injury. But there was no evidence before the court that Colorado was injured in the accident. The circuit court denied the State's motion for rehearing.
Corpus delicti "means literally `the body of the crime.' It is regularly used in appellate decisions to mean the legal elements necessary to show that a crime was committed." State v. Allen, 335 So.2d 823, 824 n. 2 (Fla.1976). The State "must at least show the existence of each element of the crime" to authorize the introduction of a defendant's admission or confession. 335 So.2d at 825. To establish the corpus delicti, the State "must show that a harm has been suffered of the type contemplated by the charges (for example, a death in the case of a murder charge or a loss of property in the case of a theft charge), and that such harm was incurred due to the criminal agency of another. This usually requires the identity of the victim of the crime." Allen, 335 So.2d at 825 (footnote omitted).
Here, Colorado was charged with DUI manslaughter, vehicular homicide, and driving without a valid driver's license causing death. The supreme court has stated that "[i]n order to establish the corpus delicti in a homicide case, it is necessary to prove three elements: first, the fact of death; second, the criminal agency of another person as the cause thereof; and third, the identity of the deceased person." Jefferson v. State, 128 So.2d 132, 135 (Fla.1961).
There are several Florida cases applying the corpus delicti rule to charges of driving under the influence, and they address the type of evidence necessary to place the defendant behind the wheel of a car that was involved in an accident before introducing that defendant's admission that he or she was the driver. In Allen, 335 So.2d 823, the defendant was convicted of two counts of manslaughter, one by culpable negligence and one pursuant to a statute prohibiting driving while intoxicated, after Curtis Black died in a car accident. The supreme court considered whether the evidence was sufficient to show that Allen was the driver "since there would have been no crime if Black had been the driver." 335 So.2d at 825. The evidence reflected that the car was owned by Allen, that Allen had been seen driving the car earlier in the day, and that Allen had been seen entering the driver's side of the car shortly before the accident. Also, the location of Black's body after the wreck suggested that he had occupied the passenger side, while Allen was found at the accident scene with his feet on the driver's side. The supreme court held that this circumstantial evidence was sufficient to lay the predicate for admitting Allen's confession, which was the only direct evidence placing him in the driver's seat at the time of the accident. In Colorado's case, no such circumstantial evidence places him in the driver's seat.
*471 In Burks v. State, 613 So.2d 441 (Fla.1993), the supreme court also held that the corpus delicti for DUI manslaughter was shown based on an officer's testimony that Burks' supervisor arrived at the accident scene and asked "if Burks could drive his vehicle away and continue on his run. This statement and the reasonable inferences that flow from it put Burks behind the wheel independently of his own statements." 613 So.2d at 444. No one in this case has identified Colorado as the driver.
The defendant in Anderson v. State, 467 So.2d 781 (Fla. 3d DCA 1985), was convicted of three counts of manslaughter by operating a motor vehicle while intoxicated. He challenged on corpus delicti grounds the admission of his statement that he was driving the truck. In that case, a truck with three occupants ran a stop sign at high speed and hit a car. In the ensuing accident, the driver of the car and two of the truck's occupants were killed. The Third District held that the corpus delicti was established for the charge resulting from the death of the car's driver: "The manner in which the truck was driven to the point of impact, plus the beer cans and vodka bottle later found in and around the truck[,]" sufficed to show that the car's driver was killed due to the criminal agency of someone driving the truck in an intoxicated manner. 467 So.2d at 783. As to the charges stemming from the deaths of the two occupants of the truck, the question was more complicated because "it was essential to show on each count that the person allegedly killed was not the driver ..., for if he was, there would be no crime committed as the person allegedly killed would have merely killed himself." 467 So.2d at 784. But the court concluded that the evidence was sufficient because the decedents' bodies were found in front of the truck after the accident, whereas Anderson was found lying near the driver's side, showing that he "most likely had been driving the truck and that his two dead companions had not." Id. Although the investigating officer in this case asserted that Colorado could be identified as the driver by "occupant kinematics," he was not an expert in this area and the State has not argued that it could meet its corpus delicti burden with the post-accident locations of Alvarez and Colorado.[1]
In State v. Hepburn, 460 So.2d 422 (Fla. 5th DCA 1984), the defendant was charged with leaving the scene of an accident involving injuries and three counts of driving while intoxicated and causing personal injuries. The Fifth District affirmed, on corpus delicti grounds, the suppression of the defendant's admission that she was driving because "since there were no eyewitnesses to the accident and since the pedestrians did not know what hit them, there is no evidence which places appellee behind the wheel of the automobile which struck the pedestrians at the time the accident occurred." 460 So.2d at 426. This holding was reached despite evidence showing that the car was registered in the name of the defendant's ex-husband and the defendant was in possession of the car on the day after the accident.
In this case, the State was unable to produce any evidence that placed Colorado behind the wheel of the car. The corpus delicti rule prevents it from relying solely on Colorado's admission to establish this critical element. We reject the State's novel suggestion that the commission of a crime could be shown by substituting *472 the victims because there is no record evidence that Colorado suffered personal injuries so as to establish a corpus delicti for DUI with personal injuries. Furthermore, "the fact of death" is a basic element of the corpus delicti for homicide cases. See Jefferson, 128 So.2d at 135. The harm contemplated by each charge against Colorado  DUI manslaughter, vehicular homicide, and driving without a valid license causing death  is death. The fact that both men were intoxicated shows the second, criminal agency, prong of the corpus delicti, but no more.
Accordingly, we affirm.
KELLY, J., concurs.
ALTENBERND, C.J., concurs with opinion.
ALTENBERND, Chief Judge, Concurring.
I concur in this opinion because the result is required by the controlling precedent in Florida. I share Justice Shaw's concern, however, that the corpus delicti rule, as it is used to limit the admissibility of confessions and admissions, may be a questionable doctrine. See Burks v. State, 613 So.2d 441, 445 (Fla.1993) (Shaw, J., concurring and dissenting).
The facts in this case are probably very unusual. Normally, there is an eyewitness or some physical evidence in a DUI case that supports the State's theory that the defendant was the driver. It may be imprudent to abandon the corpus delicti doctrine to solve such an unusual problem.
It is worth noting, however, that Florida is not the only state to consider the elements of corpus delicti in this scenario. The Court of Appeals of South Carolina has engaged in a thorough discussion of the topic. See City of Easley v. Portman, 327 S.C. 593, 490 S.E.2d 613 (S.C.Ct.App.1997). That court ruled:
In a DUI case, as this court recently pointed out in both State v. Osborne, 321 S.C. 196, 467 S.E.2d 454 (Ct.App.1996), cert. granted, (April 2, 1997), and in State v. Townsend, 321 S.C. 55, 467 S.E.2d 138 (Ct.App.1996), the corpus delicti of the offense of DUI consists of the following three elements: (1) driving a vehicle; (2) within this State; and (3) while under the influence of intoxicating liquors, drugs, or any other substance of like character. As can be readily seen, therefore, evidence showing the accused in a DUI case to be the driver of the vehicle is unnecessary to the determination of whether the State sufficiently proved the corpus delicti. All that the first element requires is that the State sufficiently prove that someone drove the automobile. State v. Stimmel, 800 S.W.2d 156 (Mo.Ct.App.1990); see State v. Knoefler, 563 P.2d 175, 176 (Utah 1977) (DUI case wherein the court noted "the connection of the accused with the crime need not be proven to establish the corpus delicti"). In sum, then, the corpus delicti of DUI consists of evidence that someone operated a motor vehicle in South Carolina while under the influence of intoxicating liquors, drugs, or like substances. See State v. Sheppard, 248 S.C. 464, 466, 150 S.E.2d 916, 917 (1966) ("the act of operating a motor vehicle with impaired faculties is the gravamen" of a DUI offense).
Id. at 615. If the corpus delicti rule in Florida were comparable to the rule in South Carolina, Missouri, and Utah, then we would reverse the trial court and remand for trial.
The car that Mr. Colorado and Mr. Alvarez occupied at the time of this fatal accident was clearly being driven in Florida by someone who was under the influence of *473 alcohol. The only unresolved issue in this case as it relates to the offense of DUI is, Which drunk was driving the car? Mr. Alvarez cannot be prosecuted for DUI because he is dead. I am not convinced that this unfortunate fact should prevent Mr. Colorado's voluntary statement from being admissible at trial. Mr. Colorado admitted that he was driving the car after receiving a Miranda[2] warning. Nothing in this record suggests that his statement has any risk of being a false confession. I see little value in a rule that excludes this evidence prior to trial, but the precedent rules otherwise.
NOTES
[1] "Occupant kinematics is the study of the effect of accidents on occupants of vehicles. It can be used to determine the initial origin of a human body based on its resting place and the nature of the vehicle impact." Secrest v. State, 679 A.2d 58, 61 n. 4 (Del.1996).
[2] See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).