915 So.2d 637 (2005)
Tina ESLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1097.
District Court of Appeal of Florida, Second District.
October 7, 2005.
*638 James Marion Moorman, Public Defender, and Mark J. O'Brien, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Tina Esler appeals her Hillsborough County convictions for driving under the influence with serious bodily injury and *639 leaving the scene of a crash with injuries.[1] We affirm Esler's conviction for leaving the scene of a crash with injuries as discussed below. However, because the State failed to prove the corpus delicti of the offense of driving under the influence with serious bodily injury before the admission of Esler's confession, we must reverse that conviction.
On November 2, 2003, in Hillsborough County, Jim Latent was in his wheelchair in the parking lot of an establishment when he was hit by a car that fled the scene. As a result of the crash, Mr. Latent's leg was broken in three places. At trial he testified that he could not supply a more detailed description of the vehicle other than it was a white car. Mr. Latent testified that he did not see who was driving the car but stated, without objection, that he had been told by witnesses that the driver was a woman. No other witnesses to the offense testified at trial.
Trooper Helen McCoy testified that on that same day, in Polk County, she was called to the scene of a one-vehicle crash in which a white, four-door Buick had driven through a fence and hit a tree. The trooper approached a woman standing next to an ambulance who was visibly upset and crying. The woman identified herself as Esler. The trooper questioned Esler about the Polk County accident, and post-Miranda,[2] Esler admitted that she had been driving the white Buick. Esler was taken into custody for an unrelated offense, and Trooper McCoy transported her to the scene of the Hillsborough County hit-and-run crash.
When Esler arrived at the scene of the Hillsborough County crash, Trooper Ronald Drake was investigating. Trooper Drake testified that Esler appeared to be extremely intoxicated. Esler was questioned and based upon speaking with her and her appearance, the trooper charged her with DUI. The trooper testified that post-Miranda, Esler admitted that she had been driving the white Buick that morning and had sped out of the parking lot of the Hillsborough County establishment where the hit and run had occurred. She admitted to the trooper that she had been drinking just prior to the time she exited the parking lot.
At trial, testimony was presented that a white Buick had knocked down a fence and hit a tree in Polk County and there was damage to the front end of that vehicle, mainly on the driver's side. However, there was no physical evidence connecting any of the damage to the Buick with Mr. Latent or his wheelchair in Hillsborough County. The State did not present any witnesses who observed either the Hillsborough County or the Polk County crash. Other than her post-Miranda confessions, there was no evidence placing Esler behind the wheel of the vehicle involved in the Hillsborough County crash.
Esler argues that the trial court erred when it allowed the introduction of her confession into evidence before the State had proven the corpus delicti of the offenses of DUI with serious bodily injury and leaving the scene of a crash with injuries. Prior to admitting a confession into evidence, the corpus delicti of an offense must be established because "[a] person's confession to a crime is not sufficient evidence of a criminal act where no independent direct or circumstantial evidence exists to substantiate the occurrence of a crime. The judicial quest for truth requires that no person be convicted out of *640 derangement, mistake or official fabrication." State v. Allen, 335 So.2d 823, 825 (Fla.1976).
While the elements of the corpus delicti of an offense can be established by circumstantial evidence and such evidence need not be uncontradicted or overwhelming, the State must at least show the existence of each element of the crime. Burks v. State, 613 So.2d 441 (Fla.1993).
Esler was charged with DUI with serious bodily injury in violation of section 316.193(1), (3), Florida Statutes (2003). Under the statute, as applied to the facts of the present case, the offense is committed (1) if the person is driving or in actual physical control of a vehicle, (2) is under the influence of alcohol to the extent that the person's normal faculties are impaired, and (3) who, by reason of such operation, causes or contributes to causing (4) serious bodily injury to another. "A, if not the, critical element of the corpus delicti of the offense of driving while intoxicated is evidence that the defendant was driving at the time she [or he] allegedly committed the offense." State v. Hepburn, 460 So.2d 422, 426 (Fla. 5th DCA 1984).
There can be no conviction for DUI with serious bodily injury without proof that the defendant was driving a vehicle and was impaired at the time of the crash. There must be proof independent of a confession that the defendant was driving the vehicle involved in the crash in order to make that determination. See State v. Colorado, 890 So.2d 468, 471-72 (Fla. 2d DCA 2004) (distinguishing Allen and Burks because there was no evidence other than the confession establishing Colorado as the driver of the vehicle in which one person was killed). The State failed to present the necessary independent proof that Esler was the driver of the vehicle involved in the Hillsborough County crash. Therefore, Esler's conviction for DUI with serious injury must be reversed.
As for the corpus delicti of leaving the scene of a crash with injuries, the State must prove by evidence independent of the defendant's statements that a victim was struck by an automobile which fled the scene. See Hepburn, 460 So.2d at 426. Clearly the State met its burden to prove the corpus delicti with regard to this offense because Mr. Latent testified he was hit by a car which fled the scene. Esler's confession was properly admitted into evidence as to this offense. Thus, we affirm Esler's conviction for leaving the scene of a crash with injuries.
Accordingly, the judgments and sentences for leaving the scene of a crash with injuries and for driving while license cancelled, suspended, or revoked are affirmed. The judgment and sentence for DUI with serious bodily injury are reversed, and this matter is remanded for the trial court to discharge Esler for this offense only.
Affirmed in part, reversed in part, and remanded.
SILBERMAN and WALLACE, JJ., Concur.
NOTES
[1] Esler also was convicted of driving while license cancelled, suspended, or revoked. She does not contest the judgment and sentence which we affirm without discussion.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).