987 So.2d 1250 (2008)
Wayne C. SYVERUD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2376.
District Court of Appeal of Florida, Fifth District.
August 15, 2008.
Rebecca Bowen Creed, of Mills & Creed, P.A., and Henry M. Coxe, III, and O. David Barksdale of Bedell, Dittmar, DeVault, Pillans & Coxe, P.A., Jacksonville, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, C.J.
Wayne Syverud (defendant) appeals his judgments and sentences which were entered by the trial court after he pled nolo contendere to the charges of driving under the influence (DUI) manslaughter and DUI with serious bodily injury.[1] Finding no reversible error, we affirm.
*1251 The charges against the defendant stemmed from a multi-car accident which resulted in the death of one person. The defendant filed a pre-trial motion in limine seeking to suppress all the incriminating statements which he made at the accident scene immediately after the collision claiming that the State's evidence, exclusive of his incriminating statements, failed to establish the corpus delicti of the crimes charged. Specifically, the defendant argued that, absent his incriminating statements, the State's evidence would be insufficient to demonstrate that the defendant was the driver of the car which caused the accident. The trial court denied the motion in limine based upon that argument and the defendant thereafter entered a plea to the charges, reserving his right to appeal the denial of his motion in limine.
The defendant argues that the trial court erred in denying his motion in limine because the record demonstrates the State would not have been able to prove the corpus delicti of the crimes charged without using the evidence of the defendant's incriminating statements which placed him behind the wheel of his car at the time of the collision. We disagree.
Under the corpus delicti rule, the State has the burden of proving, by substantial evidence, that a crime was committed before a defendant's confession can be admitted into evidence.

Corpus delicti "means literally `the body of the crime.' It is regularly used in appellate decisions to mean the legal elements necessary to show that a crime was committed." State v. Allen, 335 So.2d 823, 824 n. 2 (Fla.1976). The State "must at least show the existence of each element of the crime" to authorize the introduction of a defendant's admission or confession. 335 So.2d at 825. To establish the corpus delicti, the State "must show that a harm has been suffered of the type contemplated by the charges (for example, a death in the case of a murder charge or a loss of property in the case of a theft charge), and that such harm was incurred due to the criminal agency of another. This usually requires the identity of the victim of the crime." Allen, 335 So.2d at 825 (footnote omitted).
State v. Colorado, 890 So.2d 468, 470 (Fla. 2d DCA 2004). Generally, the State's burden with regard to establishing corpus delicti has been explained as follows:
Specifically, the State has to prove:
(1) that a crime of the type charged was committed; and (2) that the crime was committed through the criminal agency of another. In regard to the first partthat a crime was committed each element of the relevant offense must be shown to exist. With respect to the second part-the criminal agency of anotherthe proof need not show the specific identity of the person who committed the crime. That is, it is not necessary to prove that the crime was committed by the defendant.

Franqui v. State, 699 So.2d 1312, 1317 (Fla.1997) (citations omitted). The primary function of this requirement is to protect the defendant "from being convicted of a nonexistent crime due to `derangement, mistake or official fabrication.' " Baxter v. State, 586 So.2d 1196, 1198 (Fla. 2d DCA 1991) (quoting State v. Allen, 335 So.2d 823, 825 (Fla.1976)).
* * *
The state's burden in establishing the corpus delicti for an admission is far below its burden for a conviction. See [Garmon v. State, 772 So.2d 43, 46 (Fla. 4th DCA 2000)] ("The state is not required to prove the elements of the corpus delicti beyond a reasonable doubt before admission of a defendant's self-incriminatory *1252 statements. That burden is only required to convict. The state must, however, present substantial evidence which tends to show that the crime charged was, in fact, committed by someone.") (citations omitted). Circumstantial evidence may be offered to satisfy this burden. See Allen, 335 So.2d at 824 ("[B]efore a confession is admitted the state has the burden of proving by substantial evidence that a crime was committed, and that such proof may be in the form of circumstantial evidence.").
Snell v. State, 939 So.2d 1175, 1178-1179 (Fla. 4th DCA 2006).
Notably, while the corpus delicti of most crimes does not involve the issue of identity, the Florida courts have held that the corpus delicti for DUI offenses requires evidence indicating that the defendant was operating the vehicle while he was under the influence. See State v. Allen, 335 So.2d 823 (Fla.1976); Farley v. City of Tallahassee, 243 So.2d 161 (Fla. 1st DCA 1971). See also Burks v. State, 589 So.2d 355 (Fla. 5th DCA 1991); State v. Hepburn, 460 So.2d 422 (Fla. 5th DCA 1984).[2]
Here, the trial court conducted an evidentiary hearing and, based upon the evidence presented, the trial court denied the motion in limine, concluding that the State's evidence was sufficient to establish the corpus delicti of the crimes charged. The order reads, in relevant part:
The Court finds that the State has met its burden of establishing the corpus delicti by bringing forth substantial circumstantial evidence that tends to show the Defendant was behind the wheel of the Ford Explorer when the accident at issue occurred. The Defendant was involved in a motor vehicle accident on the only direct route home from the place he was seen earlier in the day. The accident occurred only 9 minutes after the place the Defendant had been closed for the evening. The Defendant's wife was the owner of the Ford Explorer involved in the accident. The Defendant was seen at the accident site, just after the crash, leaning against the Ford Explorer staring at the decedent. The Defendant was later seen walking away from the accident scene, as opposed to driving away, as he would have if he had another vehicle to leave in. Further, there was no evidence produced at the hearing to show there was more than one person in the Ford Explorer at the time of the accident.
We conclude that competent, substantial evidence was introduced to support these factual findings. Further, we determine that the trial court correctly concluded that suppression of the defendant's incriminating statements was not warranted because the State sustained its burden of presenting evidence, other than the defendant's statements, that tended to place the defendant behind the wheel of the car which caused the accident, thereby establishing the corpus delicti of the crimes charged. In so ruling, we find the cases cited by the defendant to be distinguishable.
In that regard, the defendant first cites to Colorado, 890 So.2d 468, wherein the trial court granted a suppression motion *1253 excluding the defendant's admission and, on review, the Second District affirmed, holding:
In this case, the State was unable to produce any evidence that placed [the defendant] behind the wheel of the car. The corpus delicti rule prevents it from relying solely on [his] admission to establish this critical element.
Id. at 471. In contrast, in the instant case, the State produced sufficient circumstantial evidence that placed the defendant behind the wheel of the car at the time of the collision.
The case of Hepburn, 460 So.2d 422, also cited by the defendant, is similarly distinguishable. In that case, there were no eyewitnesses to a hit-and-run accident. The State's evidence merely established that the vehicle involved in the accident was registered in the name of the defendant's husband. In affirming the trial court's grant of the defendant's motion to suppress incriminating statements made by her based upon the corpus delicti rule, our court noted:
A, if not the, critical element of the corpus delicti of the offense of driving while intoxicated is evidence that the defendant was driving at the time she allegedly committed the offense. Farley v. City of Tallahassee, 243 So.2d 161 (Fla. 1st DCA 1971).
Id. at 426. Unlike the facts in the Hepburn case, in this case, the State presented eyewitness testimony which placed the defendant at the scene of the accident just after the collision took place, in addition to other circumstantial evidence pointing to the defendant as being the driver of the Ford Explorer.
The defendant also relies on Farley, 243 So.2d 161. In that case, the Supreme Court ruled that the defendant's incriminatory statements were inadmissible under the corpus delicti rule, noting:
Petitioner was not present at the scene of the accident when the traffic accident investigating officers arrived at 1:30 A.M. on the day in question.... [U]pon his arrival at the scene the investigating officer addressed a series of questions to petitioner and ascertained from him that he was the driver of the car when it went into the ditch. Thereupon petitioner was taken to the station where he was ultimately charged with driving while intoxicated.
Aside from petitioner's admission at the scene that he was the driver, there was no other evidence on that critical element of the offense charged. Without such evidence as was gained from the defendant himself, there was no proof that the offense charged was ever committed by anyone. Nor was there evidence as to the existence of circumstances from which it could be inferred that a drunken driver was at the wheel of the car when it went in the ditch....
Id. at 162. In concluding that the facts in Farley were distinguishable from the facts in the instant case, the trial court properly recognized that, in this case, the State's circumstantial evidence did tend to prove that the defendant was driving the vehicle at the time of the accident.
AFFIRMED.
EVANDER, J., concurs.
LAWSON, J., concurs specially, with opinion.
LAWSON, J., concurring.
I agree with Judge Palmer's opinion, and write separately only to emphasize the serious disjunction that has somehow evolved between the origin and rationale of the corpus delicti rule and its current application, in Florida, to DUI manslaughter cases and other DUI crimes. As explained *1254 in the majority opinion, the rule was devised simply to assure that no one could face criminal conviction for events that never really happened, based solely upon a "deranged, mistake[n], or ... fabricat[ed] confession." Generally, the state is not required to present "proof that the accused committed the offense [as part of the corpus delicti showing] before receiving his statements into evidence." Price v. State, 776 So.2d 1100, 1102 n. 1 (Fla. 5th DCA 2001) (citing State v. Allen, 335 So.2d 823, 825 (Fla.1976)). However, Florida courts have created a much higher burden in DUI manslaughter cases, holding that corpus delicti in this context does require independent proof that the accused was driving the vehicle at the time that it caused the death, before his or her admission can be introduced at trial. The ironic result of this rule is that the corpus delicti requirement can be satisfied for a murder case without any proof of who committed the murder. Accordingly, once the state establishes that someone was killed through a criminal act, a defendant's confession to the crime is admissible. See, e.g., Jefferson v. State, 128 So.2d 132 (Fla. 1961). However, the state cannot use a defendant's confession in a DUI manslaughter case without basically having to prove his or her guilt with independent evidence first. See, e.g., Burks v. State, 613 So.2d 441 (Fla.1993); Anderson v. State, 467 So.2d 781 (Fla. 3d DCA 1985). This disparity makes no sense and the additional burden on the state in DUI manslaughter cases is not justified by the basic purpose of the corpus delicti rule.
In this case, the State's evidence easily and obviously satisfies the purpose of the corpus delicti rule. The State's witnesses testified that a Ford Explorer was weaving off and onto the highway before it crossed the highway's centerline and struck two other vehicles, killing the driver of one of these vehicles. This evidence alone sufficiently establishes that "a harm has been suffered of the type contemplated by the charges" in this case, which is the basic purpose of the corpus delicti requirement. State v. Allen, 335 So.2d 823, 825 (Fla. 1976). However, two of the State's witnesses also observed an unidentified person near the Explorer, following the accident, who also arguably could have been driving the Explorer. The presence of this unidentified bystander raises doubt regarding the independent circumstantial evidence that tends to place Syverud behind the wheel, suggesting another possible driver. For this reason, whether the State's independent evidence is sufficient to establish corpus delicti in this case, under the more stringent standard adopted by our supreme court, is a close calleven though the State's evidence is clearly sufficient to satisfy the purpose of the rule. Again, the more stringent rule simply makes no sense.
For this reason, I agree with Judge Altenbernd's conclusion in State v. Colorado, 890 So.2d 468 (Fla. 2d DCA 2004) (Altenbernd, C.J., concurring), that Florida's current application of the corpus delicti rule in this context is misguided. I also agree with Judge Harris' conclusion that the Florida Supreme Court should follow the lead of the United States Supreme Court, which substituted the "trustworthiness doctrine" for the corpus delicti rule almost fifty years ago. See Carwise v. State, 821 So.2d 308, 309 (Fla. 5th DCA 2002) (Harris, J., concurring) (citing Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954)).
NOTES
[1] See § 316.193, Fla. Stat. (2005).
[2] It is certainly understandable that the State must prove that the vehicle was being driven by someone who was under the influence since that fact is one of the elements of the crime. However, it is hard to understand why the State, for corpus delicti purposes, must prove both that the named defendant was under the influence and that he was driving the car. For example, if a vehicle contained two occupants, both of whom were under the influence, the State should be able to prove the corpus delicti of the crime without proof as to which of the occupants was actually driving.