GERBER, J.
The defendant appeals his convictions for two counts of driving under the influence causing serious bodily injury. He argues that the state’s evidence was insufficient to prove the corpus delicti of the crime before the trial court allowed the state to introduce his admission of being the driver of the truck which caused the crash. We conclude that the state’s evidence was sufficient to prove corpus de-licti. We affirm.
The state presented the following evidence primarily through the investigating officer. At 7:10 a.m., the defendant and his friend were in a truck traveling southbound on U.S. 1 in Jupiter. The truck crossed into the northbound lane and struck a car, causing serious bodily injury to the car’s two occupants. The truck then flipped, and the defendant and his friend were ejected. The truck then struck another car.
The two cars’ occupants did not see who was driving the truck at the time of the crash. The police also were unable to identify who was driving the truck based on the locations where the defendant and his friend were found after the crash.
The defendant and his friend were taken to a hospital. There, the officer first met with the defendant’s wife. According to *1081 the wife, sometime between 2:00 and 2:30 a.m., the defendant received a phone call at their home in Jupiter. He told his wife that he was leaving to pick up a friend, and that they were going to play soccer in Jupiter later that day. His wife knew that the friend lived in Fort Pierce. The defendant then left in a truck registered to his wife. He was alone when he left.
The officer then met with the defendant. The defendant appeared to be impaired based on his bloodshot eyes, the odor of an alcoholic beverage on his breath, and how he spoke to the police. A sample of defendant’s blood was taken later. The sample showed that, five hours after the crash, the defendant’s blood alcohol level was .13. A sample of the defendant’s friend’s blood was not taken.
The officer read the defendant his Miranda warnings, and the defendant agreed to speak with the officer. Before the officer could testify further, the defendant objected. At sidebar, the defendant said that the officer was about to testify regarding the defendant’s admission of being the driver of the truck at the time of the crash. The defendant argued that the state’s evidence up to that point was insufficient to prove the corpus delicti of the crime without the defendant’s admission.
The trial court overruled the objection. The court recognized that the state’s evidence of who drove the truck at the time of the crash was circumstantial. However, the court found that the state’s evidence was sufficient, reasoning: “[The defendant’s wife] owns the car. She allows [him] to use it. He left alone.”
Following the ruling, the officer continued his testimony in front of the jury. According to the officer, the defendant admitted to driving the truck that caused the crash.
The state charged the defendant with five DUI counts: counts one and two— DUI causing serious bodily injury to the first car’s occupants; count three — DUI causing serious bodily injury to the defendant’s friend; count four — DUI causing damage to the second car; and count five — DUI causing damage to property owned by the Town of Jupiter.
The jury found the defendant guilty as charged of counts one and two, and guilty of the lesser included offenses of DUI in counts three, four, and five. The trial court dismissed counts three, four, and five as violating double jeopardy. The court then adjudicated and sentenced the defendant on counts one and two.
This appeal followed. The defendant argues that the state’s evidence was insufficient to prove the corpus delicti of DUI causing serious bodily injury before the trial court allowed the state to introduce his admission of being the driver of the truck at the time of the crash. We review the trial court’s decision for an abuse of discretion. See Tanzi v. State, 964 So.2d 106, 116 (Fla.2007) (“[T]he trial court did not abuse its discretion in finding the corpus delicti and admitting [the defendant’s] confession.”).
We conclude that the trial court did not abuse its discretion in finding the state’s evidence sufficient to prove the corpus de-licti of DUI causing serious bodily injury before allowing the state to introduce the defendant’s admission of being the driver of the truck at the time of the crash. We base our conclusion on a review of corpus delicti and its application in other driving under the influence cases.
Corpus delicti “means literally ‘the body of the crime.’ It is regularly used in appellate decisions to mean the legal elements necessary to show that a crime was committed.” State v. Allen, 335 So.2d 823, 824 n. 2 (Fla.1976). “[B]efore a *1082 confession is admitted the state has the burden of proving by substantial evidence that a crime was committed.” Id. at 824. “[Sjuch proof may be in the form of circumstantial evidence.” Id. The identification of the defendant as the guilty party is not a necessary predicate for the admission of a confession. Id. at 825. Instead, the state need only “bring forth ‘substantial evidence’ tending to show the commission of the charged crime.” Id. (footnote omitted). This “substantial evidence” standard “does not require the proof to be uncontradicted or overwhelming, but it must at least show the existence of each element of the crime.” Id. (footnote omitted).
Thus, we turn to the elements of the crime of driving under the influence causing serious bodily injury. The elements are met if: (1) a person driving or in actual physical control of a vehicle, (2) who was under the influence of alcoholic beverages to the extent that the person’s normal faculties are impaired or has a blood or breath alcohol level of .08 or more, (3) causes or contributes to causing serious bodily injury to another person as a result of operating the vehicle. Esler v. State, 915 So.2d 637, 640 (Fla. 2d DCA 2005); Fla. Std. Jury Instr. (Crim.) 28.3 (2010); §§ 316.193(1) and 316.193(3)(a), (3)(b), (3)(c)2„ Fla. Stat. (2010).
Here, the first and second elements are at issue. If the state possessed evidence that both the defendant and his friend were impaired or had a blood or breath alcohol level of .08, then it would have been unnecessary for the state to prove which of the two men—the defendant or his friend—drove the truck at the time of the crash. See State v. Walton, 42 So.3d 902, 909 (Fla. 2d DCA 2010) (the exact identity of the driver of a car which caused a crash was not necessary to establish that DUI with serious bodily injury had occurred where all three occupants of the car “had been drinking, had been smoking marijuana, and showed signs of impairment”).
However, the state did not possess evidence that the defendant’s friend was impaired or had a blood or breath alcohol level of .08. Therefore, with the state possessing evidence that only the defendant was impaired or had a blood or breath alcohol level of .08, the state had to prove by substantial evidence that the defendant drove the truck at the time of the crash before the court could allow the state to introduce the defendant’s admission to that effect. See id. at 907 (although identifying a defendant as the driver generally is not a necessary predicate to the introduction of the defendant’s admission, such identification may be a necessary predicate if the defendant’s identity as the driver is critical to establishing that a crime occurred).
Here, we conclude that the state proved by substantial evidence that the defendant drove the truck at the time of the crash. The state met this burden of proof using a combination of three pieces of circumstantial evidence.
First, the state showed that the defendant was driving the truck when he left his home four to five hours before the crash. We recognize there is no exact amount of time by which to measure the likelihood that a defendant was driving a vehicle at the time of a crash. Compare Allen, 335 So.2d at 825 (corpus delicti shown where, among other things, the defendant was seen driving the car earlier in the day and was seen entering the vehicle’s driver’s side within five to ten minutes of the crash), with State v. Hepburn, 460 So.2d 422, 426 (Fla. 5th DCA 1984) (corpus delicti not shown where, among other things, the defendant was not known to be in *1083 possession of the vehicle until the day after the accident). However, we consider the four to five hour period to be significant here because it provided the defendant with a sufficient amount of time to drive from Jupiter to Fort Pierce, pick up his friend, and then return to Jupiter by the time of the crash.
Second, the state showed that the defendant’s course of travel at the time of the crash was consistent with his statement to his wife that he intended to drive from Jupiter to Fort Pierce, pick up his friend, and then return to Jupiter. At least one court has found a defendant’s course of travel to be significant in determining whether the defendant was driving the subject vehicle. See Syverud v. State, 987 So.2d 1250, 1252 (Fla. 5th DCA 2008) (corpus delicti shown where, among other things, the crash occurred on the only direct route from the place the defendant was seen earlier in the day to his home).
Third, the state showed that the truck in which the defendant was traveling was registered to his wife. We recognize that the fifth district has issued two opinions where the fact of a spouse’s ownership or registration of a subject vehicle resulted in two different outcomes as to whether corpus delicti was shown. Compare Syverud, 987 So.2d at 1252 (corpus delicti shown where, among other things, the defendant’s wife was the vehicle’s owner), with Hepburn, 460 So.2d at 426 (corpus delicti not shown where, among other things, the vehicle was registered to the defendant’s husband). However, we believe that a spouse’s ownership or registration of the subject vehicle should weigh in favor of determining that corpus delicti was shown in eases such as these.
While these three pieces of circumstantial evidence, by themselves, might not have been sufficient to prove beyond a reasonable doubt that the defendant drove the truck at the time of the crash, we conclude that they are, in the aggregate, sufficient circumstantial evidence to lay the predicate for the admission into evidence of the defendant’s admission to that effect. See Allen, 335 So.2d at 825-26 (“While the facts just recited might not constitute proof beyond a reasonable doubt that [the defendant] was driving the vehicle at the time of the accident ... they are in the aggregate sufficient circumstantial evidence to lay the predicate for the admission into evidence of [the defendant’s] confession that he was the driver.”) (footnote omitted).
In reaching this conclusion, however, we are compelled to note that, in some cases, courts have considered eyewitness identification and the location of bodies after a crash to be significant in determining whether sufficient circumstantial evidence exists to prove that the defendant was the driver. Compare Allen, 335 So.2d at 825 (corpus delicti shown where, among other things, the defendant was seen entering the vehicle’s driver’s side within five to ten minutes of the crash and was found at the crash site with his feet on the driver’s side, whereas the passenger’s body was found several feet from the vehicle), with State v. Colorado, 890 So.2d 468, 470-72 (Fla. 2d DCA 2004) (corpus delicti not shown where, among other things, no witnesses could identify the defendant as having driven the vehicle at any time and the state did not argue that it could meet its burden of proof based on the bodies’ locations). Here, the two cars’ occupants did not see who was driving the truck, and the police were unable to identify who was driving the truck based on the locations where the defendant and his friend were found after the crash.
However, we do not consider the lack of eyewitness identification and the police’s inability to identify who was driving the *1084 truck as precluding the state from relying on the circumstantial evidence cited above to establish a preliminary showing that the defendant was driving the truck at the time of the crash. As our supreme court stated in Allen:
We are well aware that varying interpretations of circumstantial evidence are always possible in a case which involved no eye witnesses. Circumstantial evidence, by its very nature, is not free from alternate interpretations. The state is not obligated to rebut conclusively every possible variation, however, or to explain every possible construction in a way which is consistent only with the allegations against the defendant. Were those requirements placed on the state for these purposes, circumstantial evidence would always be inadequate to establish a preliminary showing of the necessary elements of a crime.
335 So.2d at 826.
Based on the foregoing, we conclude that the trial court did not abuse its discretion in finding the state’s evidence sufficient to prove the corpus delicti of DUI causing serious bodily injury before allowing the state to introduce the defendant’s admission of being the driver of the truck at the time of the crash. We affirm.

Affirmed.

MAY, C.J., and DAMOORGIAN, JJ., concur.